————o————

DANIEL HUNT, Respondent, vs. L. E. THOMPSON, et al., Appellants.

1. *Husband and wife—Right of divorced woman to her choses in action not reduced to possession by husband during marriage.*—In the absence of statutory provisions, marriage is by law a gift to the husband of all the personal estate of the wife in her possession at the time it takes place; but his wife's *choses* in action are not his till reduced to possession. And when divorced from her husband for his fault, her right to such property, not reduced by him to possession, remains.

2. *Dower—Right to, of woman divorced for husband's fault, when consummated.*—The right to dower under the statute (Wagn. Stat., 541, § 14) of a woman divorced for the fault of her husband, is not consummated till his natural death.

3. *Ejectment—Suit brought against a married woman—Judgment against her, improper, when.*—Where husband and wife are sued in ejectment, and her answer alleges that she is in possession simply as the wife of her co-defendant, and the proof shows no other possession, nor any act of hers at the time of suit brought, except that in conjunction with her husband, she withholds the possession from plaintiff, no personal judgment can be rendered against her. And it is immaterial that pending the suit she becomes divorced and a *feme sole.*

*Appeal from Pettis Circuit Court.*

*Crandall & Sinnett, with B. F. Garrison,* for Appellants.

I. On being divorced from her husband for his fault or misconduct, defendant, Lucretia Thompson, was entitled to an immediate assignment of dower. The natural death of her husband is not necessary under our statute. (Wagn. Stat., 538, § 1 ; *Id.,* 541, § 14 ; Duvol vs. Howland, 14 Mass., 219 ; Young vs. Gregory, 46 Me., 475 ; Harding vs. Alden, 9 Greenl., 140 ; Rev. Stat. Maine, 1840, p. 391, § 1 ; p. 608, § 10 ; Wright vs. Wright, 2 Dessaus, [S. C.] 242, 244 ; Braning vs. Headley, 2 Rob., 340 ; Wood vs. Simmons, 20 Mo., 363.)

II. Until dower is assigned, ejectment will not lie against the widow. (Wagn. Stat., 542, § 21 ; Kane vs. McCown, 55 Mo., 181.)

III. This action cannot be maintained against Lucretia Thompson, for the reason that she was a married woman at the time of the commencement of this action. Her possession is the possession of her husband. (Meegan vs. Gunsollis, 19 Mo., 417 ; Bauer vs. Bauer, 40 Mo., 61 ; Higgins vs. Peltzer, 49 Mo., 152.)

*Phillips & Vest,* for Respondent.

I. Lucretia Thompson was at the time when the judgment was rendered, as may be seen from the portion of her answer stricken out, a *feme sole,* and judgment *in personam* could be rendered against her as such.

II. Her divorce gave her no right to hold the premises by virtue of her quarantine.

In England the civil death of the husband did not give the wife her dower. (2 Crabb's Real Prop., 130.) And in this particular the common law has not been changed by our State law. But in Missouri the husband divorced for his own fault is not *civiliter mortuus.* (Dobson vs. Butler, 17 Mo., 87–90.)

Dower is not consummate till the husband's actual death. (4 Kent Com., 50.) And the contrary rule has never obtained anywhere as to divorced women, except by virtue of the statute.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his action of ejectment in the Jasper circuit court to recover the possession of certain lands situated in that county. The cause was taken by change of venue to Pettis county, where a trial was had and judgment was rendered in plaintiff's favor. The action was originally instituted against John D. Thompson, Lucretia E. Thompson (the appellant here) his wife, and Hugh L. and William A., his sons. John D. Thompson made no defense, and the sons answered that they were not in possession, and disclaimed having any interest therein.

Lucretia E. admitted that she was in possession of the premises as the wife of John D. Thompson, but denied any unlawful entry, and denied the right of the plaintiff to recover. As a further defense she set up in her answer that plaintiff claimed title to the premises through a trust deed and sale thereunder, made by her husband, John D., and herself, to one Maxey, as trustee for the plaintiff; that the deed was fraudulent and void as to her; that she was compelled to sign said deed of trust by the coercion and undue influence of her husband, John D. and the plaintiff, and that she never acknowledged the same to have been voluntarily executed by her. She further alleged that the officer before whom the acknowledgment purported to have been taken, never examined her separate and apart from her husband, and that his certificate was false, and fraudulently procured by her husband, John D. and the plaintiff. She then averred that since the commencement of this action she had obtained a decree of divorce from her husband, and that the court granting the decree found that she was the innocent and injured party, and that in that suit no alimony was prayed for or allowed, and that her dower in her husband's lands had never been relinquished by nor assigned to her,

and she therefore prayed to be discharged. The court, on motion, struck out all the new matter set up in the answer as constituting no defence. At the trial the plaintiff dismissed as to the husband, John D., and one of the sons, William A., and a judgment of ouster, with damages and monthly rents, was then rendered against the other defendants, Lucretia E. and Hugh L., who prosecute this appeal.

It is entirely unnecessary to examine the minor points that have been pressed upon our attention in the argument, and but two leading questions which run through the case will be noticed. The first is the action of the court in striking out that part of Lucretia E.'s answer which claimed dower in the land, on the ground that she had been divorced, notwithstanding that her husband still survived; and the second is whether the action was in any event maintainable against her.

It is assumed in the argument for the appellant, that the granting of the decree of divorce for the fault of the husband was equivalent to his civil death, and immediately thereafter entitled the wife to an assignment of dower out of his lands, and that the right of possession continued in her till dower was duly set apart. The case of Wood vs. Simmons (20 Mo., 363) is cited as decisive authority upon this point. In that case it was held that upon a sentence of divorce, a wife becomes entitled to all *choses* in action not previously reduced into possession by the husband, as by survivorship upon the death of the husband. The husband and wife during marriage had conveyed the wife's reversionary interest in certain slaves, and after procuring a divorce, the wife enjoined the assignee from taking possession of them, on the ground that, by survivorship, they belonged to her for the support of herself and children. Mr. Justice Ryland, in delivering the opinion of the court, said : "Here the divorce obtained by the wife from the husband must, in law, be considered the same as the death of the husband; and the wife must be looked upon as his widow."

In the case of Browning vs. Headly (2 Rob. Va., 340) the divorce obtained by the wife from the husband by the

legislature of Kentucky, was considered as operating as the civil death of the husband. Judge Stanard said : " I concur in the opinion of Judge Allen, that the effect of the act of divorce upon the rights of the wife, is to place her in the same position as if her husband had then died. I dismiss therefore, this question, by stating that there is no doubt of the correctness of the judgment below, so far as it considers the divorce of the wife from the husband operating so as to place the wife in the situation she would have occupied had her husband then died." The case of Browning vs. Headly, cited by Judge Ryland, was analogous in its facts to Woods vs. Simmons, but it was decided differently, for the reason that the wife's *choses* in action had been reduced to possession, and it was therefore held that her right of survivorship had been extinguished. These cases, it is evident, were decided without any reference to the statute concerning dower. Where there is no statutory provision limiting the subject, marriage is by law a gift to the husband of all personal estate of the wife in her possession at the time it takes place. But as to *choses* in action or mere rights to receive money or property from another, the law only gives the husband a qualified right to them, that is, if he reduces them to possession during coverture, and if he fails to do this, if the wife survives, she will be entitled to them. Where the coverture ceases before death, on account of the guilt of the husband, there is manifest propriety in allowing the wife to sue for and recover the *choses*. The husband by his act has forfeited them ; they no longer belong to him, and he is dead civilly, so far as the right of action in the wife is concerned.

A wife divorced from her husband can only have dower in his estate, where it is given by the statute. Three things, viz : marriage, seizin and death of the husband, are requisite to consummate the right of dower. By the common law no woman can have dower in her husband's lands, unless the coverture continues up to the time of his death. According to the elementary treatises on the subject, the marriage must continue until the husband's death, and the claimant must

then be his actual wife, this being essential to constitute her his widow, and it was only the widow that could be endowed. But an absolute decree of divorce annuls and destroys the marriage relation, and hence the maxim *ubi nullum matrimonium, ibi nulla dos.* In several of the American States a decree of divorce, founded on the misconduct of the husband, is sufficient to entitle the wife to demand her dower in his life-time. By an early statute passed in Massachusetts, it is provided that where there shall be a divorce for the cause of adultery committed by the husband, the wife shall have dower in his lands in the same manner as if he were dead. By the Maine statute any woman divorced from her husband for his fault, may recover her dower against him or any tenant of the freehold. In Indiana, by the statute of 1843, a divorce granted for the misconduct of the husband entitles the wife to dower in his lands in like manner as if he were dead. In Michigan and Wisconsin, when the marriage is dissolved by the husband being sentenced to imprisonment for life, or when a divorce is decreed for the cause of adultery committed by him, or for his misconduct, or on account of his being sentenced to imprisonment for a term of three years or more, the wife is rendered dowable of his lands in the same manner as if he were dead. And in Minnesota and Oregon, when the marriage is dissolved by the husband being sentenced to imprisonment, and when a divorce is ordered for the cause of adultery committed by the husband, the wife is entitled to her dower in like manner as if he were dead. In all these States dower is allowed to the wife whilst the husband is living, on account of express provisions of their statutes. But the enactment in our statute is entirely different. It provides that if any woman be divorced from her husband for the fault or misconduct of the husband, she shall not thereby lose her dower; but if the husband be divorced from the wife for her fault or misconduct she shall not be endowed. (Wagn. Stat., 541, § 14.) This section changes the common law only so far as to give the wife dower when the marriage relation is disrupted by a decree of divorce for the husband's fault or misconduct.

Previously the divorce destroyed her widowhood and defeated the right of dower. The statute interposed and saved the right, but did not fix any earlier period for its consummation than formerly existed, viz, the death of the husband. Had the legislature when they modified the law so as to save the wife her dower, intended that she should enjoy it sooner than the husband's death, they would certainly have said so, but as they made no such provision we are not authorized in interpolating it into the statute. The necessary result follows, that the defendant, Lucretia E., was not entitled to dower whilst her divorced husband still survived.

To guard against any hardship in cases of this kind, there should always be a provision for alimony when the wife institutes proceedings for divorce.

The next question is, was ejectment maintainable against the defendant, Lucretia E. Thompson. Her answer alleged that she was in possession of the premises as the wife of her husband, John D., who was also a defendant, and the case does not show that she was possessed in any other capacity. It is not shown that any act was done by the wife, except that she, in conjunction with her husband, withheld the possession from the plaintiff. The common and ordinary case is exhibited of a husband and wife residing together upon property claimed by another, who, when he brings his action to recover the possession, brings it against both. Under such circumstances we are very clear that the action cannot be maintained against the wife, and no personal judgment can be rendered against her. Her possession is simply the possession of the husband. The case of Meegan vs. Gunsollis (19 Mo., 417), is decisive authority on this question. In that case the plaintiff commenced his action of ejectment against James Gunsollis and Sophia, his wife, to recover possession of land claimed under a deed of trust executed by them. The petition alleged that the plaintiff on a certain day was lawfully entitled to the possession of the land, and that the defendants unlawfully withheld the possession from him. Process was served upon both defendants, and they demurred to the petition. The demur-

rer being overruled, an answer was filed in the name of the wife, and although the action was continued in the name of the husband up to trial, no answer was filed by him or in his name, and it appeared that he died after the commencement of the suit, but before trial. The action proceeded against the wife after the death of the husband, and resulted in a judgment against her for the possession of the property, damages and monthly value. On error prosecuted to this court, the judgment was reversed, and it was held that the wife was not properly made a defendant.

When the action in this case was commenced, the wife did not hold the possession in any manner or in any capacity which would authorize the plaintiff to make her a defendant, and for this reason the judgment must be reversed and the cause remanded. The other judges concur.