## WILSON v. GARAGHTY, *Appellant.*

1. **Ejectment for Wife's Land**: HUSBAND ONLY PROPER PARTY DEFENDANT, WHEN. The wife is not a proper party defendant to an action of ejectment for land claimed by her under a deed which vests the title in her, but confers no separate estate; nor can she make herself such by claiming a separate estate in her answer. The husband's marital interest gives him the right to the possession, and he alone should be sued.

2. ———: DEATH OF HUSBAND; WIFE'S SUBSEQUENT POSSESSION: APPEAL. Where judgment in ejectment goes against husband and wife jointly for land in which the husband has a marital interest as against her, and pending an appeal the husband dies, the suit abates as to him. After his death the possession becomes hers, but this will not support the pending judgment against her or authorize the rendition of a new one.

*Appeal from Cape Girardeau Court of Common Pleas*—HON. HAMILTON G. WILSON, Judge.

REVERSED.

*Alex. J. P. Garesche* for Mrs. Garaghty, appellant.

1. Mrs. Garaghty is not a proper party defendant. There being in the deed to her no words of exclusion of marital interests, it was an individual estate, over which the husband claimed rights. *Bauer v. Bauer*, 40 Mo. 62; *Tillman v. Tillman*, 50 Mo. 41; *Paul v. Leavitt*, 53 Mo. 598; *Valle v. Obenhause*, 62 Mo. 85. As the only tenant in possession he was the proper party to be sued. Adams on

Ejectment, Waterman's notes, p. 389, § 327; p. 24; p. 283. Her participation in holding the land will be deemed his act.  *Meegan v. Gunsollis*, 19 Mo. 417; *Dailey v. Houston*, 58 Mo. 361; *Park v. Hopkins*, 2 Bailey 411; *Estill v. Fort*, 2 Dana 237; *Tobin v. Connery*, 13 Ind. 65; *Marshall v. Oakes*, 51 Me. 308; *People v. The Judges*, 21 Wend. 20; *Gaylord v. Payne*, 4 Conn. 190; *McGlaughlin v. O'Rourke*, 12 Iowa 459; *Tanner v. White*, 15 Ala. 798; *Sprague v. Daniels*, 31 Ala. 444; *Aiken v. Davis*, 17 Cal. 119; *Trimble v. Miller*, 24 Texas 215; *Parke v. Kleeber*, 37 Pa. St. 254.

2.  Ejectment is a statutory and of course a legal remedy, founded only on a legal title.  Hence the general judgment against the wife is void.  *Bauer v. Bauer*, 40 Mo. 61; *Higgins v. Peltzer*, 49 Mo. 157; *Caldwell v. Stephens*, 57 Mo. 597; *Wernecke v. Wood*, 58 Mo. 358; *Meegan v. Gunsollis*, 19 Mo. 419; *Hunt v. Thompson*, 61 Mo. 154; *Weil v. Simmons*, 66 Mo. 620; *Jackson v. Bowles*, 67 Mo. 614.

*R. H. Whitelaw* and *Ewing, Pope & Hough* for respondent.

Mrs. Garaghty was a necessary party as she was a party in interest.  2 Wag. Stat., § 6, p. 1001; *Boal v. Morgner*, 46 Mo. 48.  The deed of trust through which plaintiff claims states that it is the wife's separate property, and she so claims it in her answer.  The deed from her husband to her conveys it to her sole and separate use, and her husband swore on the stand it was her separate estate.  Even if she was not originally a necessary party she set up an equitable defense, thereby making herself a necessary party.

SHERWOOD, C. J.—We are all agreed that this ejectment should have been brought against the husband alone, as it is clear from the deeds adduced in evidence that though at one time his wife, Louisiana, in consequence of the conveyance of her husband to her, possessed an equitable separate estate in the land, yet that in consequence of the subsequent con-

1. EJECTMENT FOR WIFE'S LAND: husband only proper party defendant, when.

veyance by them to Patrick Garaghty, and of his recon-
veyance to the wife, without the use of any words except
those ordinarily employed in conveyances, that the wife
had no separate estate in the land. This being the case,
the husband's marital interest gave him the right to the
possession of the land, and he was the only proper and
necessary party defendant in an action of ejectment  *Hunt
v. Thompson*, 61 Mo. 148, and cases cited; *Boal v. Morgner*,
46 Mo. 48. And the result just announced is not at all
affected by the facts that she in her answer claimed a sep-
arate estate in the property, and introduced testimony in
support of such claim, since such testimony, as the case is
now presented, could not countervail the force and effect
of the conveyances heretofore mentioned. The wife being
improperly joined, and judgment taken against both hus-
band and wife, the judgment against the latter was erro-
neous. *Hunt v. Thompson, supra.*

And though the judgment was properly entered against
the husband, yet as he was only entitled to the possession
2. ——: death of of the property during the life of his wife,
husband: wife's (so far as shown by the record,) and as
subsequent pos-
session: appeal. pending this appeal, and prior to the submis-
sion of this cause, the husband has died, it follows that
the suit as to him must abate; this not being one of
those instances where a *sci. fa.* can properly issue; as no
one under the circumstances already detailed, can, as to the
possession, claim under him, nor, as to such possession, be
his representative. For these reasons, and for the error
committed in making the wife a party defendant, the judg-
ment will be reversed, and since the wife did not occupy
toward her husband the position of terre-tenant, but has
become subsequently to, and in consequence of, his death,
entitled to a new and independent possession of her own,
it follows that plaintiff had no cause of action against
her at the commencement of this suit, but will be driven to a
new action; we, therefore, make no order remanding the
cause. All concur.