MARTHA E. BOBB ET AL., Respondents, v. LUCY G. TAYLOR, Appellant.

### St. Louis Court of Appeals, April 19, 1887.

1. MARRIED WOMEN—POSSESSION OF REAL ESTATE—FORCIBLE ENTRY—PARTIES TO ACTION.—The possession of real estate having been delivered to a married woman, and having been thereafter forcibly invaded, an action of forcible entry, brought by her, as the aggrieved party, against the trespasser, can not be dismissed on the sole ground that she is not the proper party plaintiff, as being legally incapable of holding possession of real estate.

2. ———— *Semble,* That a complaint in an action of forcible entry may be properly verified by any one who is cognizant of the facts, even though he or she be not a competent witness for the plaintiff.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

T. J. ROWE, for the appellant: The possession of the wife is the possession of the husband, and he is a necessary party to an action for the recovery of her lands. *Gray v. Dryden,* 79 Mo. 108; *Mueller v. Kaessman,* 84 Mo. 330; *Gideon v. Hughes,* 21 Mo. App. 530; *Cooper v. Ord,* 60 Mo. 420; *Bledsoe v. Sims,* 53 Mo. 308; *Kanaga v. Railroad,* 76 Mo. 215. Trusts for the protection of married women are active trusts, and are not executed by the statutes, and there can be no separate estate without the intervention of trustees, either nominated in the instrument creating the estate or by operation of the principles of equity. If no trustee is named in the instrument creating the separate estate, equity will step in and treat the husband as trustee. *Schafroth, Adm'r, v. Ambs,* 46 Mo. 118; 9 Mo. 773; Hill on Trusts (2 Am. Ed.) 585; Wells on Separate Property of Married Women, sect. 288, p. 309; *Bank v. Woodruff,* 1 Green Ch. (N. J.) 118; *Riley v. Riley,* 25 Conn. 161. In a suit affecting a married woman's separate property, the trustee is a necessary party. *Siemers v. Kleeburg,* 56 Mo. 196. The legal estate can only be reached through the trustee. *Claflin v. Van Wagoner,* 32 Mo. 253; *Sutton v. Hayden,* 62 Mo. 101. The right of possession runs with the legal estate and is in the trustee and trustee only. *Siemers v. Schrader,* 88 Mo. 23; *Johnson v. Houston,* 47 Mo. 227.

M. KINEALY and JAMES R. KINEALY, for the respondents: On a trial in forcible entry and detainer it is not competent to prove title, or right of possession,

as the only things to be established are possession, the forcible entry and detainer. *St. Louis Agr. & Mech. Ass'n v. Reinecke*, 21 Mo. App. 478. The action can be brought by a married woman whose possession has been invaded. *The State v. Hulick*, 33 N. J. Law, 310; *Sharpless v. West Chester*, 1 Grant, 257. In respect to her separate property, a married woman is to be considered in all respects as though she was a *feme sole. Dyer v. Wittler*, 4 West Rep. 673; *Cooper v. Ord*, 60 Mo. 430; *Lincoln v. Rowe*, 51 Mo. 574; *Silvey v. Summer*, 61 Mo. 255.

ROMBAUER, J., delivered the opinion of the court.

The only question arising upon this appeal, is whether or no, it is a legal impossibility for any married woman in this state to have such possession of real estate as to maintain an action for the violation of that possession, and that question arises upon the following facts disclosed by the record:

On the first day of June, 1885, a writ of restitution for the property in controversy issued in favor of Martha E. Bobb and Charles Bobb, her husband, and against the defendant herein, and under that writ, the sheriff delivered the property to Charles Bobb, as agent for his wife, Martha E. Bobb, September 3, 1885. On the same day, the defendant reëntered the premises by force, and, thereafter, Martha E. Bobb and Charles Bobb, her husband, instituted this action of forcible entry against her. The complaint states, that Martha E. Bobb was lawfully possessed of the premises on the day stated, and that the defendant forcibly entered upon such possession, and forcibly detains the possession from her, and is verified by Martha E. Bobb.

These facts appearing, the plaintiffs recovered judgment. Upon the trial of the cause, the defendant objected to the introduction of any evidence in support of the complaint, on the ground that it was not properly verified. The statute, section 2423, Revised Statutes,

requires that the complaint must be verified by the aggrieved party, his agent, or attorney, and the supreme court, in *Fletcher v. Keyte* ( 66 Mo. 285 ), decided that a complaint not verified is void and gives the justice no jurisdiction.    The argument of the appellant is, that this, being a mere possessory action, the right of possession was conclusively in the husband, and he alone could sue for the violation of the possession, that it results from this, that the wife was not the aggrieved party, neither could she verify the complaint, as her husband's agent or attorney, because she was not a competent witness in his behalf.

In reply to this argument we say that, while the right of possession of the wife's lands, when held by legal title, is *prima facie* in the husband, and when held by equitable title, without an express trustee, is likewise in the husband as her implied trustee, there is nothing in the marital relation which renders it impossible that the wife may hold possession, even of lands, with her husband's consent, by herself or agent.    That such a condition may exist, seems to be conceded in *Dyer v. Wittler* ( 89 Mo. 81 ; 4 West. Rep. 673).

It will be seen that the decision in *Merrill v. The City of St. Louis* ( 12 Mo. App. 466, 476 ), affirmed by the supreme court ( 83 Mo. 244, 252 ), can be supported only on the theory of recognizing the actual possession of real estate, and legal liabilities springing from such possession in a married woman, although the legal title to the property may be in her trustee.

The case at bar is not one between the wife and her husband's creditors, nor one where the wife attempts to assert any possessory right as against her husband.    The husband disclaims all possessory right, by joining in a complaint which states such right to be exclusively in the wife.    There is nothing in the record showing any possessory right in the husband.    Beyond this, as the judgment for possession is in favor of both husband and wife, the record necessarily concludes the husband, and

no consideration of justice demands a reversal of the judgment.

But even if the appellant's contention were correct, that the husband was the only proper party plaintiff, the complaint would not be jurisdictionally defective for want of a legal verification. It does not necessarily follow, that, because the affiant is the wife of the party aggrieved, she could not be a witness in his behalf, since the wife is a competent witness for the husband in some cases. Nor does the statute require that the affiant must be a competent witness. The law was identical with the present statute long before the disability of persons to testify in their own behalf was removed. The only object of the statute, in requiring a verification of the complaint, is to make a *prima facie* showing by the oath of one cognizant of the facts, so as to prevent the abuse of this summary writ.

As the plaintiff's preceding lawful possession, and the defendant's wrongful and forcible entry thereon, are conceded, the appeal is devoid of merit.

The judgment is affirmed. Thompson, J., concurs. Lewis, P. J., is absent.