THE STATE TO USE OF PHILIP SCHONHORST, Appellant, v. HENRY HENNING ET AL., Respondents.

St. Louis Court of Appeals, May 3, 1887.

1. MARRIED WOMEN—SEPARATE ESTATE AND POSSESSION.—A married woman may have separate possession of real estate, but this is necessarily a mere incident of title, and can not exist in the absence of any title in her which excludes the husband's marital rights.

2. ——— HUSBAND'S EXCLUSIVE POSSESSION—UNLAWFUL DETAINER—PARTIES.—A husband and wife, remaining in possession as tenants from month to month, after the expiration of a leasehold term for years, bought with the wife's separate means and assigned to her, the possession, under the new tenure, is exclusively in the husband ; and the wife is not a proper party defendant to an action of unlawful detainer brought by the husband.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed and remanded.*

MARTIN, LAUGHLIN & KERN, for the appellant: As to the wife's lands, held by her at law, her possession

was the possession of her husband, and she is not a necessary party defendant, in possessory actions, to recover it. *Bledsoe v. Sims*, 53 Mo. 305 ; *Wilson v. Garaghty*, 70 Mo. 517 ; *Gray v. Dryden*, 79 Mo. 106. A leasehold, acquired prior to 1875, belongs to the husband absolutely, and no possession of any character whatever can be attributed to the wife. *Gunn v. Sinclair*, 52 Mo. 327. The premises sued for were occupied by the husband as his domicile, and made the wife's possession his. *Messenger v. Messenger*, 56 Mo. 329.

EBER PEACOCK, for the respondents : Even if, as is contended by the appellant, the money acquired by the wife, before 1875, became the property of the husband, yet there is no legal objection to his permitting and recognizing her right to it. *Huber v. Huber's Adm'r*, 10 Ohio, 371. Though it should appear that the husband had actually taken possession of the money before 1875, he had the right to give an estate in land to his wife, though purchased with his own money. *Smith v. Smith*, 50 Mo. 262. No special words were necessary to be inserted in the writing to create a separate estate in the wife in personalty purchased after 1875 ; the husband, in the absence of a trustee, will be held as trustee of the wife. *Holthaus v. Hornbostle*, 60 Mo. 439.

ROMBAUER, J., delivered the opinion of the court.

The question presented by this record is almost purely a question of law, there being little, if any, conflict in the testimony. The action is upon a constable's bond, for a breach caused by his alleged official misconduct in not executing a writ of restitution, which was duly issued in an unlawful detainer case, in favor of the plaintiff, and against one Frederick Wassmund.

It appeared in evidence that the property consisted of a leasehold, occupied by Frederick Wassmund and his wife, Johanna, as a home. The leasehold was originally held by one Schneider, for a term expiring in 1879, but was, in the year 1876, assigned to Johanna Wass-

mund. The Wassmunds were married in 1871, and continued to occupy the property after the expiration of the term, and, in fact, were occupying it as a home November 4, 1884, when the plaintiff instituted his action of unlawful detainer, and December 30, 1884, when the writ of restitution on final judgment was issued, the occupancy, as the court properly declared in an instruction given on the plaintiff's behalf, being in the nature of a tenancy from month to month.

What claim either of the Wassmunds advanced as to the character of the possession in either of them, as depending on title, appeared no further than by evidence tending to show that the money used in purchasing the leasehold, in 1876, was money left to Johanna by a former husband; that, in 1879, she returned the leasehold for taxation, as property of Fred. Wassmund, and that, thereafter, sometimes she paid the rent, and sometimes Fred. Wassmund, and that, after the suit for possession was brought, neither of them paid it.

It further appeared that the sole ground on which the constable refused to execute the writ was the ground, now relied on as a defence, that, under the facts above stated, Johanna Wassmund, and not the defendant, Frederick, was in possession of the property at the date of the institution of the unlawful detainer suit, and at the date of the issue of the writ of restitution. The court evidently found that the property was in the possession of Johanna Wassmund, because it rendered judgment for the defendants.

This judgment is unwarranted by the uncontroverted facts. The action of unlawful detainer is purely a possessory action, and, in case of a joint occupancy of premises by husband and wife, the husband is, as a general rule, the only proper party defendant. *Bledsoe v. Simms*, 53 Mo. 305; *Wilson v. Garaghty*, 70 Mo. 517; *Gray v. Dryden*, 79 Mo. 106. The wife, generally, is not in joint possession with the husband, because she is there, and is neither a necessary party plaintiff to vindi-

cate, nor a necessary party defendant to defend, the possession.

Whether a state of facts may exist, under a certain state of the title, and the relations existing between the husband and wife in a given case, which might entitle the wife to an exclusive possession, and make her answerable in actions wherein the liability depends on possession, it is needless to discuss. The possibility of such a state of things is conceded in *Merrill v. The City of St. Louis* (12 Mo. App. 466); affirmed, 83 Mo. 244, and in *Bobb v. Taylor* (25 Mo. App. 583). But it is evident that such a condition can arise only in connection with a peculiar state of the title, whereby the husband's marital rights, including his right of possession, are wholly excluded.

The record in this case fails to show a state of facts from which such a condition of things could even be conjectured. Whatever separate title, if any, the wife had to the premises, expired years ago. The holding of the premises is now one from month to month, and declared to be such by an instruction of the court. In such a tenure there can be no equity, we conceive, resulting from title, and no possibility of a separate possession by the wife, who occupies the premises jointly with her husband as a home. The actual possession is in him as the necessary result of the marital relation. *Messenger v. Messenger*, 56 Mo. 337; Pomeroy's Eq. Jur., sects. 1098, 1099, 1100.

The judgment is reversed and the cause remanded. Thompson, J., concurs; Lewis, P. J., is absent.