Rust v. Goff.

RUST *et al.* v. GOFF, *Appellant.*

94   511
92a  5667

1.  **Deed, Construction of:**  DESCRIPTION OF PREMISES.   Where an instrument, in the form of a deed of general warranty, undertakes to and does convey land by a particular description, which shows it to be an undivided interest in a larger tract, the mere addition of the words, that the grantors bound themselves to the grantee, "at some time, as soon as said deed could be made, for sixteen and two-thirds acres," will not have the effect of converting into a contract to convey what the instrument on its face shows was absolutely conveyed.

2.  ——— :  MARRIED WOMAN'S ACKNOWLEDGMENT.  The certificate of acknowledgment to a deed by a married woman, made by a proper officer in substantial compliance with the law, is *prima-facie*, but not conclusive, evidence of the acknowledgment and may be impeached; and to do so it is not necessary to show fraud or imposition practiced on the grantor.

3.  ——— : ——— : IMPEACHING EVIDENCE. The evidence to over-
throw the certificate of the officer should be clear, cogent, and con-
vincing.

4.  ——— : ———. A deed for the real estate of the wife, not acknowl-
edged by her as the law requires, does not pass her interest, nor
can it convey the husband's possession *jure mariti.*

5.  **Practice**: WIFE'S LAND : PARTIES. The husband is the proper
and only party to be made defendant in an action for the wife's
lands.

*Appeal from Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

REVERSED AND REMANDED.

*Johnson & Lucas* for appellant.

(1)   The court should have sustained the motion to
make Nancy J. Goff a party defendant. R. S., sec.
2244 ; *Hayden v. Stewart,* 27 Mo. 288 ; *Hill v. Atterbury,*
88 Mo. 118 ; *O'Fallon v. Clopton,* 89 Mo. 291 ; *Fosgate
v. Herkimer Co.,* 12 N. Y. 580. (2) If the deed from
Nancy J. Goff was void as to her, it was also void as to
her husband. *Clark v. Rynex,* 53 Mo. 380 ; *Silvey v.
Sumner,* 61 Mo. 255 ; *Bartlett v. O'Donoghue,* 72 Mo.
563 ; *Goff v. Roberts,* 72 Mo. 570 ; *Hoskenson v. Adkins,*
77 Mo. 540. (3) The instrument from Goff and wife to
Thouvenell is but an executory agreement. *Armstrong
v. Armstrong,* 4 John Baxter (Tenn.) 338 ; *Long v.
Wagoner,* 47 Mo. 178. The expressed will of the parties
is to control, though the words used frustrate the grant.
*Jennings v. Brizeadine,* 44 Mo. 335 ; *Allen v. Railroad,*
84 Mo. 651, 652. General terms in the instrument are
limited by special recital in the same connection. *Miller
v. Wagenhauser,* 18 Mo. App. 14 ; *Allen v. Railroad,*
84 Mo. 652 ; *Guffey v. O'Reilly,* 88 Mo. 423. The con-
tract should be construed according to surrounding facts
and circumstances. *Crawford v. Elliott,* 78 Mo. 497 ;

*Dobbins v. Edmonds*, 18 Mo. App. 307. The acts of the parties to the instrument are entitled to great weight. *Dobbins v. Edmonds*, 18 Mo. App. 307. (4) Notice does not mean positive information, but any fact that would put a man of ordinary prudence on inquiry. *Major v. Buckley*, 51 Mo. 227. He who has knowledge of facts sufficient to put on inquiry is chargeable with notice of the facts that inquiry would have disclosed. *Rupe v. Alkire*, 77 Mo. 643 ; *Auction Co. v. Mason*, 16 Mo. App. 478 ; *Meier v. Blume*, 80 Mo. 179. (5) The instrument offered in evidence does not purport to convey an undivided one-sixth in one hundred acres, but an absolute fee to sixteen and two-thirds acres, hence there is no description that the land can be identified by. *Holme v. Strautman*, 35 Mo. 293 ; *Jolly v. Ghering*, 40 Ind. 139 ; *Hardy v. Mathews*, 38 Mo. 121 ; *Campbell v. Johnson*, 44 Mo. 247.

*Henry N. Ess* and *Lipscomb & Rust* for respondents.

(1) Nancy J. Goff's motion to be made a party defendant was properly overruled. *Kanaga v. Railroad*, 76 Mo. 214 ; *Gray v. Dryden*, 79 Mo. 108. (2) Not being a party to the action Nancy J. Goff, being the wife of defendant, was incompetent to testify. Her evidence should, therefore, be disregarded. *Goff v. Roberts*, 72 Mo. 572. (3) The certificate of the notary to the deed from Goff and wife to Thouvenell could not be impeached as against a remote grantee, at least unless fraud was alleged and shown, and not then, unless that grantee was party to, or had notice of, the fraud. Devlin on Deeds, sec. 529 ; *Rollins v. Menager*, 22 W. Va. 467. When the married woman in England conveyed by fine, the statute required a privy examination, and the record of that could not be impeached unless fraud

was·alleged and shown. 22 W. Va. 467. The general doctrine in the United States is that she cannot impeach the notary's certificate without showing fraud. *Michener v. Cavender*, 38 Pa. St. 337; *Hartley v. Frost*, 6 Tex. 216; *Miller v. Marx*, 56 Ala. 322, 340; *Miller v. Wentworth*, 82 Pa. St. 280; *Shields v. Netherland*, 5 Lea (Tenn.) 193. The general doctrine in this country seems to be that, even in case of fraud, the certificate is conclusive in favor of subsequent purchasers for value and without notice. 71 Pa. St. 482, and cas. cit.; Devlin on Deeds, sec. 530. Contrary to the general current of authority our Supreme Court has held, in a number of cases, that the certificate may be impeached without showing fraud. All the cases, however, have been between the grantor and the immediate grantee. *Wannell v. Kem*, 57 Mo. 478; *Steffen v. Bauer*, 70 Mo. 400; *Belo v. Mayes*, 79 Mo. 70; *Sharpe v. McPike*, 62 Mo. 300. (4) The deed is not void in favor of the defendant against a remote grantee. *Goff v. Roberts*, 72 Mo. 572. (5) Plaintiff's third instruction was properly given. The instrument in question was unquestionably a deed. "Tell me," says Lord Chancellor Sugden, "what you have done under a deed and I will tell you what that deed means." Wharton on Contracts, sec. 653; Wharton on Evidence, sec. 941; *Goldman v. Wolff*, 6 Mo. App. 495, 496. In *Patterson v. Camden*, 25 Mo. 23, the court says: "I know of no better mode of ascertaining this meaning than is shown if all parties acted on a particular meaning." The deed must be construed most strongly against the grantor.

NORTON, C. J. — This is a suit in ejectment to recover possession of certain land in Jackson county, in which the plaintiffs had judgment, from which defendant has appealed.

It appears from the evidence that one Magowan

Pake died in Jackson county, in 1868, leaving his widow, Nancy J., and two minor children named Carrie and Emma; that, at the time of his death, he owned one hundred acres of land, a part of which is involved in this suit; that, in August, 1871, the said widow married defendant, Goff, and in February, 1872, Emma, one of the minor children, died, leaving her mother, the said Nancy J., and her minor sister, Carrie, her only heirs.

In support of plaintiffs' title they put in evidence the following writing:

"This indenture, made on the ninth day of June A. D. one thousand eight hundred and seventy-five, by and between William Goff and Nancy J. Goff, his wife, of the county of Jackson, state of Missouri, parties of the first part, and Lafayette Thouvenell, of the county of Jackson, in the state of Missouri, party of the second part: Witnesseth: That said parties of the first part, in consideration of the sum of five hundred dollars, to be paid by the said party of the second part, the receipt of which is hereby acknowledged, do, by these presents, grant, bargain, sell, convey, and confirm unto the said party of the second part, his heirs and assigns, the following described lots, tracts, or parcels of land, lying, being, and situate in the county of Jackson, and state of Missouri, to-wit: All of sixteen and two-thirds acres ($16\frac{2}{3}$) of land lying and being situated in the county of Jackson and state of Missouri, to be hereafter located, but now undivided, to-wit: the said sixteen and two-thirds acres is out of the following tracts or sections; the east half of the northeast quarter of section number seventeen, and the west half of the northeast quarter of the southwest quarter of section number twenty-two, all in township number forty-eight (48), range thirty-three (33), it being the estate of Magowan Pake, deceased, and we, as heirs of Magowan Pake, bind ourselves, at some time, as soon as said deed can be

made, for the sixteen and two-thirds acres to the said Lafayette Thóuvenell, or his assigns. To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances, and immunities thereto belonging, or in any wise appertaining, unto the said party of the second part, and unto his heirs and assigns forever ; the said Nancy J. Goff and William Goff hereby covenanting that they, as heirs, are lawfully seized of an indefeasible estate in fee in the premises herein conveyed ; that they have good right to convey the same ; that the said premises are free and clear of any incumbrances done or suffered by them, or those under whom they claim ; and that they will warrant and defend the title to the said premises to the said party of the second part, and unto his heirs and assigns forever, against the lawful claims and demands of all persons whomsoever.

"In witness whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written.

"WILLIAM GOFF.　　(Seal)

"NANCY JANE GOFF.　(Seal)"

The execution of this instrument, according to the certificate of Goforth, a notary public, was acknowledged before him on the day of its date, and the certificate is in compliance with the law.

In further support of their title, plaintiffs put in evidence a deed of general warranty, from said Thouvenell, conveying to them " sixteen and two-thirds acres. of land, undivided out of the following described land, to-wit: The east half of the northeast quarter of section seventeen and the west half of the northeast of the southwest quarter of section twenty-two, all in township forty-eight, of range thirty-three, in Jackson county, Missouri." This deed was dated January 24,,

1884, acknowledged on the thirtieth of the same month, and filed for record on the thirty-first.

Plaintiffs also put in evidence a lease made to said Thouvenell, by Goff and wife, to thirty-three and one-third acres of said land bearing the same date as the deed to him, and also evidence tending to show that he took possession under the deed and lease, and remained in possession till 1879, and that Goff moved off the land in 1875, and moved back on it in 1883, at which time one Jewell left twenty acres of the land, in the possession of which he had been under a lease from defendant, and which had expired. The copy of a petition in partition proceedings, instituted by Goff and wife, as plaintiffs, against said Thouvenell, in 1877, for partition of the whole of said land, was also put in evidence, from which it appears that it is there alleged that Thouvenell was the owner in fee of sixteen and two-thirds acres, or an undivided interest of one-sixth.

The material question arising on the above facts and record is, what is the effect of the instrument executed and acknowledged by Goff and wife on the ninth of June, 1875? It is insisted, on the one side, that it took effect as a deed and conveyed to Thouvenell sixteen and two-thirds acres of land out of the one hundred acres described, or an undivided one-sixth thereof. On the other side it is claimed that it only amounts to a contract to convey at a future time said sixteen and two-thirds acres. The court held it to be effectual as a deed, and that it conveyed sixteen and two-thirds acres of said land, or an undivided one-sixth thereof, to Thouvenell, and this holding is assigned for error.

‹ We are of the opinion that this was a correct ruling. The instrument is, in form, a deed of general warranty, and undertakes and does convey sixteen and two-thirds acres out of the one hundred acres described in it; and after a particular description of the land conveyed, showing it to be an undivided interest in a larger

tract, the mere addition of the words, that the grantors bound themselves, "at some time, as soon as said deed could be made, for sixteen and two-thirds acres," to the grantee, could not have the effect of converting into a contract to convey, what the instrument shows on its face was absolutely conveyed. It would be more consistent with rules of construction to hold that these words were intended, either as a further assurance of title, or that, if in the division of the land in kind made by the parties interested therein, it became necessary to execute deeds to the respective portions allotted to the owners, that they would execute a deed to the portion allotted to Thouvenell on such division. This is especially so, in view of the fact that, in the partition proceedings, instituted by defendant two years after the execution of the deed, it is averred that Goff and wife had, by warranty deed, conveyed one undivided sixth part of the premises absolutely in fee-simple to said Thouvenell.

In the certificate of the notary who took the acknowledgment of the parties to this deed, it is stated that Mrs. Goff was examined separately and apart from her husband. In the progress of the trial, evidence was introduced tending to impeach this statement of the certificate and to show that no such privy examination was made. Notwithstanding this evidence, the court gave instructions over defendant's objection, authorizing plaintiffs to recover, even though there was in fact no separate examination of Mrs. Goff by the notary when he took her acknowledgment. The court, in giving these instructions, seems to have entertained the idea that unless Thouvenell and plaintiffs, his grantees, had notice that Mrs. Goff was not in fact examined separately and apart from her husband, that the certificate of the notary was conclusive. It has been held in so many cases, as to become a rule in this state, that a certificate of acknowledgment of a married woman's deed

made by a proper officer in substantial compliance with the law is *prima-facie*, but not conclusive, evidence of the acknowledgment, and that it may be impeached, and for such purpose it is not necessary to show fraud or imposition practiced on the grantor. *Steffen v. Bauer*, 70 Mo. 399 ; *Wannell v. Kem*, 57 Mo. 480 ; *Sharpe v. McPike*, 62 Mo. 300 ; *Belo v. Mayes*, 79 Mo. 70.

The right to impeach the certificate of the officer taking the acknowledgment of a married woman to a deed conveying her land, was not in any of these cases made to depend on the fact that the grantee either practiced a fraud on the grantor, or had knowledge that the officer taking the acknowledgment did not subject her to such an examination as the law required. This is unquestionably so as between grantor and grantee, and no reason is perceived why the principle should not be applied to one claiming under a grantee in a deed, when the officer taking the acknowledgment certified falsely that the law had been complied with in taking it. It may be proper to say, in this connection, that, to overthrow the certificate of the officer, the evidence should be clear, cogent, and convincing. It is held, in case of *Bartlett v. O'Donoghue*, 72 Mo. 564, that a deed to the real estate of the wife, not acknowledged by her, as the law requires, can, as to her, have no effect as a conveyance of her title, nor can it be held to convey the marital rights of the husband to possession, and it follows from this, that if Mrs. Goff was not in fact examined by the notary separately and apart from her husband, and that fact is made to appear by a clear and convincing preponderance of the evidence, that the deed to Thouvenell neither passed her interest nor any interest of her husband.

It is held in the case of *Bledsoe v. Simms*, 53 Mo. 308, that the husband is the proper and only party to be made a defendant in a suit for lands claimed to

belong to the wife. *Wilson v. Garaghty,* 70 Mo. 517, and *Gray v. Dryden,* 79 Mo. 106, are to the same effect. Under this ruling, no error was committed by the trial court in refusing to make Mrs. Goff a party defendant.

For the error noted in giving instructions, the judgment is reversed and cause remanded. All concur, except Ray, J., absent.