DANIEL WHALEN AND MARY WHALEN, Appellants, v. HENRIETTA BAKER, Respondent.

St. Louis Court of Appeals, March 24, 1891.

1. **Husband and Wife**: RIGHT OF ACTION FOR NUISANCE. A right of action for a nuisance affecting the enjoyment of premises is in the husband, when the premises are occupied by him and his wife as a home, and the legal title thereto is in the wife, but when there is no permanent injury to the freehold.

2. **Practice, Trial**: ELECTION OF CAUSE OF ACTION. An action was brought by a husband and wife jointly for a cause of action belonging to the husband alone. A motion was made by the defendant that the plaintiffs be required to elect whether they would proceed upon a cause of action on behalf of the husband or on that of the wife. Thereupon they elected to prosecute the action on behalf of the wife, and were nonsuited. *Held* that since they had elected to enforce a cause of action for the wife, which she never had, the court committed no error in instructing the jury to find for the defendant.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Robert W. Goode*, for appellants.

*Lubke & Muench*, for respondent.

ROMBAUER, P. J.—This action is one for nuisance in flooding the cellar of a house, which was owned by the plaintiff, Mary Whalen, and occupied jointly by herself and her husband as a home. The suit was instituted before a justice of peace, where the plaintiffs had judgment. Before the introduction of any evidence in the circuit court, the defendant moved to strike out the name of Mary Whalen, unless it was claimed that she was the substantial party in interest and the owner of the property mentioned in the statement, or that plaintiffs be ruled to elect whether they would proceed upon the cause of action vested in plaintiff, Daniel Whalen, or plaintiff, Mary Whalen. Thereupon, plaintiffs' counsel in open court announced that Mary Whalen was the substantial party in interest, and he elected to prosecute the cause in her behalf. The plaintiffs thereupon offered evidence to prove that, at the time of the injury complained of, Mary Whalen was the legal owner of the property in question, and residing thereon with her husband, Daniel Whalen, coplaintiff, and plaintiffs also offered evidence to sustain the other allegations of the complaint. At the close of such evidence the court instructed the jury that, under the statement, law and evidence, their finding must be for the defendant. The plaintiffs declining to take a nonsuit, judgment was entered for the defendant upon the finding of the jury, from which judgment the plaintiffs prosecute this appeal.

There was no claim made in the statement of any permanent injury to the freehold, so that the case presents the simple proposition, whether, at the date of the grievance complained of, an action for nuisance affecting the enjoyment of premises which were occupied

by husband and wife jointly as a home, although owned by the wife, is properly brought in the name of the husband or of the wife.

It was decided in *Ellis v. Railroad*, 63 Mo. 131, that an action for a private nuisance, affecting the health of the inmates of a house, was not in the persons sustaining the injury, but in the person in possession; hence, that the wife, who occupied a house jointly with her husband while the cause of action arose, could not sue for injury to her health by a private nuisance; that injuries of this character are injuries to the possession, and, in case of a joint occupancy by husband and wife, the right of action was in the husband alone. In *Gray v. Dryden*, 79 Mo. 108, which was an action of forcible entry, Mr. Commissioner MARTIN says: "The possession of the wife was the possession of the husband. I do not well see how their possession can be joint or common under our law. Certainly this is not so in respect to her general real estate, which is placed by the law in the exclusive possession of her husband. When he is in possession of it, the fact, that she is on it with him, gives her no possession, any more than to any other member of his family whose actions are subject to his control. She is not in joint possession with him, because she is there; and she is not a necessary party to any suit to vindicate the possession against trespassers and wrongdoers." In *Bobb v. Taylor*, 25 Mo. App. 586, while recognizing the *possibility* of a separate possession by the wife, we said that "the right of possession of the wife's lands, when held by legal title, is *prima facie* in the husband, and when held by equitable title, without an express trustee, is likewise in the husband as her implied trustee." That such is the result when the premises are occupied by husband and wife jointly as a home, we assume is unquestioned.

It will be thus seen that the right of action for the grievance complained of was in the husband alone.

The wife was not a necessary party, nor a proper party, unless statutes, passed since the above decisions were made, have made a material change as to her right of action. The plaintiff's claim, that section 3296 of the Revised Statutes of 1879, as amended by the act of 1883, afforded her a remedy by providing that her rights in action shall be her separate property and under her sole control, is untenable. In *Lavelle v. Stifel*, 37 Mo. App. 531, in commenting on the statute we said : "The words 'rights in action,' as used in the statute, mean 'choses in action,' and the legislature merely intended to enact that what was then, and is now, recognized as the 'choses in action' of a married woman should thereafter become her separate estate, unless reduced to the possession of her husband by the written consent of the wife." The inquiry in that case was whether by the words "rights in action," as used in the statute, it was intended to confer upon a married woman new rights of action which she did not have before, and we held that such was not the intention of the statute.

In the case at bar the injury was one to the possession, for which the husband alone could sue. As the statute conferred no new right of action upon the wife, nor affected the husband's possession, it did not invest the wife with a new right of action. When the plaintiffs voluntarily elected to proceed to enforce a cause of action for the wife which she never had, the court committed no error in instructing the jury to find for the defendant.

The judgment is affirmed. All the judges concur.