D. A. LANE, Respondent, v. THOMAS M. ALLEN, Appellant.

St. Louis Court of Appeals, February 14, 1893.

Ejectment: RECOVERY BY HUSBAND FOR IMPROVEMENTS MADE BY HIM ON HIS WIFE'S LAND. If a husband enters upon land conveyed to his wife and improves it in good faith, and a judgment of dispossession is afterwards recovered against him in an action in ejectment, he is entitled under the statute to recover from the plaintiff in that action the value of the improvements so made by him.

*Appeal from the Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*Norman Gibbs* and *Thos. M. Allen*, for appellant.

*Frost & Wear*, for respondent.

ROMBAUER, P. J.—A judgment of dispossession was rendered against the plaintiff in an ejectment suit, brought by the defendant against him. The plaintiff thereupon brought the present action to recover for the value of the improvements which he had made on the land during his occupancy, and recovered judgment. The defendant now assigns for error that this judg-

ment was not warranted by the statute, because it appears from the plaintiff's petition that he entered upon the land under a deed to his wife, and, hence, could not have made the improvements in the belief that he himself had good title to the land. The defendant contends that the statute should be strictly construed, and, if so construed, the plaintiff is not within its protection.

The defendant's contention is not tenable. The action of ejectment is an action for possession, and the possessory title which was affected by the action was all along in the husband and not in the wife. The husband was the only proper party defendant in that action. *Bledsoe v. Simms*, 53 Mo. 305; *Wilson v. Garaghty*, 70 Mo. 517. The statute does not say what title a person must claim to recover the value of improvements made by him, but it is evident that the title must be one which entitles such person to possession; otherwise he could not be a defendant in an action of ejectment. The wife never had any right of property in these improvements, as the judgment in the action of ejectment shows that she had no title to the land, and as she could have claimed the improvements only on the ground that they became part of the land which belonged to her.

There is no error in the record. All the judges concurring, the judgment is affirmed.