.STATE OF MISSOURI *ex rel.* CATHERINE M. SCHONHORST, Executrix of PHILIP SCHONHORST, Respondent, v. HENRY HENNING, Appellants.

St. Louis Court of Appeals, December 19, 1893.

'The Evidence is considered, and is *held* to require the judgment rendered by the trial court.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

.AFFIRMED.

*Eber Peacock* for appellants.

*Laughlin, Wood & Tansey* for respondent.

ROMBAUER, P. J.—The appeal in this case was taken to the supreme court under the mistaken view that the suit involved the title to real estate, and that a state officer was a party therein.    The supreme court ordered a transfer of the cause to this court, holding that this court had exclusive cognizance thereof, and ·that it had no jurisdiction therein.

These preliminary observations become necessary to determine the exact *status* of the parties now before us on this record.    It would seem from some memoranda found in the papers that in January, 1892, an attempt was made in the supreme court to suggest the death of James Cullinane, one of the defendants, but .as that court never had any jurisdiction of the cause, .such  suggestion  in  fact  was  not  made  to  the  proper

court.   At the October term, 1892, the death of the
relator Philip Schonhorst was suggested in this court,
and at the March term, 1893, Catherine Schonhorst,
his executrix, entered her appearance in the cause, and
a summons was issued at her instance to bring in the
defendant Henning, and William Cullinane, executor
of the defendant James Cullinane.   This was the first
information conveyed to this court that James Cullinane
was dead.   No notice was taken as to the remaining
defendant, J. P. Schulte, and, as he never was properly
brought into this court on the revived action, the cause
against him will have to be dismissed.

Proceeding to consider the merits of the appeal,
we refer to the fact that the cause is the same which
was heretofore before this court on a former appeal
taken by the plaintiff's testator.   (*State ex rel. v.
Henning*, 26 Mo. App. 119).   The action is one on an
official bond of a constable against him and his sureties.
The breach charged is the constable's failure to execute
a writ of restitution in an unlawful detainer proceeding.
The first trial of the cause resulted in a judgment for
the defendants, which judgment we reversed, holding
that upon the conceded facts the plaintiff was bound
to recover.   The judgment upon the last trial was in
the plaintiff's favor, and the complaint made is that
such judgment is erroneous on the conceded facts.

There is no pretense that the evidence upon the
last trial was different from the evidence on the preced-
ing trial, except in so far as the defendants offered
some records in evidence, which their counsel now
claims in his brief should have been admitted as evi-
dence of *res judicata*.   The records are not in the
transcript, but their general effect is stated in a brief
filed by counsel.   But, even if such records were in the
transcript, it would not change the result.   No plea of
former adjudication was made by the defendants, and

the records would have been inadmissible, if such plea had been made, as they in no way bore on the plaintiff's right of recovery in *this* action. The judgment was, therefore, the only one which the court could have rendered.

It is ordered that the case be dismissed against J. P. Schulte, and that the judgment be affirmed against the other defendants. All the judges concur.