REBECCA A. BLACK, Appellant, v. GEORGE M. SLATON, Respondent.

St. Louis Court of Appeals, February 25, 1902.

1. **Husband and Wife:** HUSBAND ENTITLED TO POSSESSION OF HIS WIFE'S LAND, UNLESS SHE ACQUIRED IT BY VIRTUE OF SECTION 4340, REVISED STATUTES 1899. In the case at bar, a tract of land was conveyed to the plaintiff, Rebecca A. Black, in 1896, for the consideration of two hundred dollars. She was then and still is married to George W. Black and living with him in conjugal relations. Nothing is shown about who furnished the money paid for the land, where it was obtained, or that it was her separate means. Plaintiff, her husband and children moved on to the land when said conveyance was made and remained in possession until they were removed from it by the sheriff by virtue of a writ of possession based on a judgment in an ejectment suit instituted against George Black, husband of plaintiff, and the defendant in this action was put in possession of the premises. After being evicted, plaintiff instituted this forcible entry and detainer proceeding to recover the premises. *Held*, that the writ of possession issued against husband of plaintiff justified the sheriff in evicting the plaintiff who owned the land in fee, and that she can not maintain this action to get back the possession in her own name.

2. ———: ———: STATUTORY CONSTRUCTION: PARTIES TO SUIT. Section 4340, Revised Statutes 1899, does not apply to the case at bar because that statute applies only to real estate belonging to a woman at her marriage or which may have come to her during coverture, *by gift, bequest, inheritance or by purchase with her separate money or means.*

3. ———: ———. And in the case at bar, the land was not plaintiff's when she married nor is it shown she obtained it afterwards in either of the modes specified in section 4340, Revised Statutes 1899.

4. ———: ———: PRESUMPTION. And in the absence of proof of some kind to the contrary, the presumption is the husband paid the purchase money.

5. Ejectment: HUSBAND MUST SUE FOR POSSESSION OF WIFE'S LAND UNLESS SHE ACQUIRE IT BY VIRTUE OF SECTION 4340, REVISED STATUTES 1899. Unless a wife acquires land by gift, bequest, inheritance or by purchase with her separate money or means, under the provisions of section 4340, Revised Statutes 1899, the husband is entitled to the possession of said lands and may sue in ejectment therefor without joining her as co-plaintiff.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Andrew W. Hunt* for appellant.

This is forcible entry and detainer, under Revised Statutes 1899, section 3320, by Rebecca A. Black, a married woman, to restore her to the possession of lot two north of Delaware creek, of the southwest quarter of section nineteen, township twenty-six, range ten, Stoddard county, Missouri, containing about fifty-six acres, into the actual possession of which, under a deed purporting to convey the tract to her, she, George W. Black, her husband, and their children entered August 29, 1896, the date of said deed, which was made for a consideration of $200, paid by her to J. W. Scarbrough, the grantor, and which deed was put to record November 24, 1896, from the possession of which she was ousted, April 6, 1900, by the sheriff, under a writ of restitution against her husband, solely, issued March 23, 1900, out of a judgment in an action of ejectment, instituted January 22, 1898, by Sophie E.

Stevens and others against George W. Black, solely, which judgment was rendered March 17, 1898; the case was appealed to the circuit court, which, September 18, 1900, upon an agreed statement of facts, materially as above stated, upon the theory that a husband was the only necessary party in an action of ejectment for the recovery of the possession of his wife's land, rendered judgment in favor of defendant (respondent in this court), George N. Slaton, who, as tenant of Sophie E. Stevens and others, was in possession of the land referred to at the date of the institution of the forcible entry and detainer proceeding, having been put into such possession by them upon the day of the ouster by the sheriff; and after having duly excepted to the rulings of the circuit judge in finding against her, Mrs. Black, appellant, appealed the case to this court. Since Revised Statutes 1899, section 4340 (R. S. 1889, sec. 6869) went into effect, which it did do in 1889, a married woman owns a separate estate in all lands acquired by her subsequently to the taking effect of said section, and can not be ousted of its possession under a writ of restitution issued out of a judgment in ejectment, unless she was a party to such action.

*C. L. Keaton* for respondent.

(1) Appellant makes but one point in his brief and cites but one case from the Supreme Court of this State, and that case (Woodward v. Woodward) an action between a husband and wife living separate and apart. The principles announced are totally inapplicable to the facts in this case, and so, too, the other case (Boykin v. Jones, 67 Ark. 571) where the husband and wife were not living on the premises at all, and "of course, not bound by any of them (the proceedings against the husband) so far as she had individual and independent rights from her husband." That is not this case. The husband and wife are one. "As contemplated by the law, they were two persons,

made one by marriage, one entity—the family—whose head was the husband with power to control and direct the conduct and actions of its members, and with a corresponding liability to society for such conduct and action." "A broader, and more enduring foundation in the absolute unity of husband and wife in the marital relations." Nichols v. Nichols, 147 Mo. 389, 409. (2) Admit that the statute of Arkansas is just like ours, then we earnestly contend that appellant's counsel has wholly failed to comprehend Revised Statutes 1899, section 4340, for there is not a single word or intimation therein that the husband has not his common-law rights as head of the family on the premises of the wife as said by this court. "In such a tenure there can be no equity, we conceive, resulting from title, and no possibility of separate possession by the wife who occupies the premises jointly with her husband as a home. The actual possession is in him as the necessary result of the marital relations." State to use v. Henning, 26 Mo. App. 119; State v. Napper, 141 Mo. 401. "The possession of the husband is the possession of the wife when she holds the title;" "He is still her protector and representative, and is entitled as such to the possession of the fee simple land. His possession is her possession." Bledsoe v. Sims, 53 Mo. 305, 308.

GOODE, J.—According to the agreed statement of facts on which this cause was tried, a tract of land was conveyed to the plaintiff, Rebecca A. Black, in 1896, for the consideration of two hundred dollars, by J. W. Scarsbrough. She was then and still is married to George W. Black and living with him in conjugal relations. Nothing is shown about who furnished the money paid for the land, whence it was obtained, or that it was her separate means.

Plaintiff, her husband and children moved on to the land when said conveyance was made and remained in possession until they were removed from it by the sheriff of Stoddard county in 1900, by virtue of a writ of possession based on a

judgment in an ejectment action instituted in 1898 by Sophia E Stevens and others against George Black, and the defendant Slaton put in possession as tenant of the successful plaintiffs in said ejectment case.

After being evicted, plaintiff instituted this forcible entry and detainer proceeding to recover the premises.

The questions are: Did the writ of possession issued on the judgment against her husband justify the sheriff in evicting the plaintiff, who owned the land in fee? If not, can she maintain this action to get back the possession in her own name?

Both questions depend on the same legal doctrine and both might readily be answered but for the revolution wrought by the married woman's act, in the estate, rights, and powers of a husband in his wife's property. Prior to that legislation, the husband was the proper person to sue and be sued in ejectment for the possession of his wife's lands. Bledsoe v. Sims, 53 Mo. 305; Bobb v. Taylor, 25 Mo. App. 583; Meriwether v. Howe, 48 Mo. App. 148. According to the decisions in this State, the husband was the proper party to conduct all litigation affecting the possession, though the generally prevalent rule at common law was that the wife must be joined in actions to recover possession.

Appellant's counsel is wrong, we think, in his contention that the rule is changed, as to this case, by section 4340 of the Revised Statutes of 1899 (R. S. 1889, sec. 6869), because that statute applies only to real estate belonging to a woman at her marriage or which may have come to her during coverture *by gift, bequest, inheritance, or by purchase with her separate money or means.* The land in controversy was not plaintiff's when she married nor is it shown she obtained it afterwards in either of the modes specified in said section. In the absence of proof of some kind to the contrary, the presumption is the husband paid the purchase money. Sloan v. Torry, 78 Mo. 625; Garrett v. Wagner, 125 Mo. 461; Ryan v. Bradbury, 89

Mo. App. 665.   Here there is not shown even a recital in the deed to her that she paid the consideration.

The question hinges, then, on the section which immediately precedes the one above cited, and is as follows:

"The rents, issues and products of the real estate of any married woman, and all moneys and obligations arising from the sale of such real estate, and the interest of her husband in her right in any real estate which belonged to her before marriage, or which she may have acquired by gift, grant, devise or inheritance during coverture, shall, during coverture, be exempt from attachment or levy of execution for the sole debts of her husband; and no conveyance made during coverture by such husband of such rents, issues, and products, or of any interest in such real estate, shall be valid, unless the same be by deed executed by the wife jointly with the husband, and acknowledged by her in the manner now provided by law in the case of the conveyance by husband and wife of the real estate of the wife:  *Provided*, such annual products may be attached or levied upon for any debt or liability of her husband, created for necessaries for the wife and family, and for debts for labor or materials furnished upon or for the cultivation or improvement of such real estate.   R. S. 1899, sec. 4339 (R. S. 1889, sec. 6868).

However plausible or persuasive may be the argument that the foregoing language when properly interpreted, requires that a wife be made a party to any litigation designed to disturb her occupation and enjoyment of lands which she owns in fee, and that she is the only necessary party, the point seems to have been positively adjudicated the other way by our Supreme Court in cases which considered the effect on the wife's right of this very section, which is no recent enactment, but was adopted in 1865 and is found in the General Statutes of that year.

The question was passed on in Rust v. Goff, 94 Mo. 511, where it was ruled that the husband was the proper and only

party to be a defendant in a suit for lands claimed to belong to his wife, and that the trial court did not err in refusing to make her a party defendant, though she moved for that purpose.

In Evans v. Kunze, 128 Mo. 670, an action instituted in 1891, it was decided that a husband is entitled to the possession of his wife's lands and may sue in ejectment therefor without joining her as co-plaintiff.

Mueller v. Kaessmann, 84 Mo. 318, comments on the statute in question and announces the same rule.

In Flesh v. Lindsay, 115 Mo. 1, the previous decisions on the subject are cited and their effect summed up in an opinion by Judge BURGESS as follows:

"It has been held by this court that this is a disabling statute, and that by its provisions the husband is shorn of all his marital rights at common law and rendered powerless to bind, charge or convey, or in any way incumber the real property of his wife except by deed duly executed and acknowledged in conjunction with her. . . . While it is held that this statute deprives the husband of all power to convey or dispose of his wife's real estate without joining her with him, it is also held that, in actions of ejectment to recover the possession thereof, he may sue in his own name and that his wife is not a necessary party plaintiff with him. . . . . . It necessarily follows from these decisions that the right of the husband to the *possession* of his wife's real property as it existed at common law has not been taken away by this statute."

The common-law rule as declared in this State was, that the husband was entitled to the possession and was the party to sue and be sued for it; and if his right in respect to the possession remains intact, despite the statute we are considering, as the case last cited expressly decided, he is still the proper party, and, hence, the writ issued on the judgment against plaintiff's husband in the ejectment suit was a sufficient war-

rant to the sheriff to dispossess her and turn her land over to the defendant as the tenant of the ejectment plaintiffs.

It is strange that the Legislature should confer such sweeping and well-nigh exclusive powers and rights on a married woman, in regard to the enjoyment, conveyance and disposition of her real property and its rents and profits, as were conferred by said section, and yet expose her to the danger of losing them all by litigation to which she is not and can not become a party. Yet such seems to be the state of the law as to lands not covered by section 4340 of the Revised Statutes of 1899, as to the effect of which we make no decision, for it does not affect the present controversy.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.