———o———

BENJAMIN C. POWELL, Defendant in Error, *vs.* JOHN B. CAMP, Plaintiff in Error.

1. *Practice, civil—Conflict of evidence—Jury.*—In civil actions at law, the finding of the jury on questions of conflicting evidence is conclusive.
2. *Instruction, may be refused, when.*—It is no error to refuse an instruction when the same proposition of law is embraced in others already given.
3. *Unlawful detainer—Appeal from justices—Summary judgment against sureties not allowed.*—The statute concerning bonds on appeal from justices' courts in suits of unlawful detainer, (Wagn. Stat., 651, § 15) does not authorize a summary judgment against the sureties on the appeal bond, as in ordinary cases brought up from justices.

*Error to Buchanan Circuit Court.*

*E. C. Zimmerman,* for Plaintiff in Error.

*B. R. Vinyard,* for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted before a justice of the peace against the defendant, for unlawfully detaining a certain lot in the city of St. Joseph, described in plaintiff's complaint.

There was a judgment for the plaintiff in the justice's court, from which the defendant appealed, and on a trial anew in the Circuit Court the same result followed.

The record shows that both parties gave evidence tending to prove the respective issues tendered, and the finding of

the jury on the facts is conclusive upon us. The instructions, therefore, need only be examined.

The first instruction given at the instance of the plaintiff, told the jury that if they believed from the evidence that defendant went into the possession of the premises under an agreement with the plaintiff to occupy the premises as his tenant, they should find for the plaintiff, provided they further found that before the commencement of the suit the plaintiff gave the defendant thirty day's written notice of his intention to terminate the tenancy, and also demanded the surrender of the possession, and that defendant refused to give up the same. The second instruction was, that if the jury found for the plaintiff they would assess his damages at whatever sum not exceeding fifteen dollars (the amount alleged in the complaint) they might believe from the evidence he had sustained by the wrongful holding of the premises by the defendant. The third related to the assessment of the monthly rents and profits, and is in pursuance of the statute. The fourth was in regard to the credibility of witnesses; and the fifth instructed the jury as to the form of their verdict, as is provided for in the statute on the subject.

The defendant asked for two instructions. The first was given; and that merely asserted the proposition that it devolved on the plaintiff by a preponderance of evidence to prove his case. The second, which was refused, instructed the jury, that unless they believed from the evidence that plaintiff, prior to the institution of his suit, was in the actual possession of the premises, then they should find for the defendant.

None of the instructions require any notice or special comment, except the first one given for the plaintiff, and the defendant's second one, which was refused.

The statute says, that when any person shall willfully and without force hold over any lands after the termination of the time for which they were let to him, or when any person wrongfully and without force, by disseizin, shall obtain and continue in possession of any lands, and after demand made

in writing for the deliverance of the possession thereof by the person having the legal right to such possession, shall refuse or neglect to quit such possession, such person shall be guilty of an unlawful detainer. (Wagn. Stat., 642, § 3.)

Plaintiff's first instruction required the jury to find that the defendant went into possession under an agreement with the plaintiff to occupy the premises as his tenant. The written complaint with the justice directly alleged that plaintiff was the owner, and in possession of the premises when he rented the same to the defendant. Defendant did not deny this at all, but based his defense upon an entirely different matter. The record states that evidence was given by both parties tending to prove the issues raised. No issue was raised upon the question of prior or actual possession; it was a conceded fact. Under these circumstances, therefore, the instruction of the plaintiff comprehended all that was necessary, and it was not error in refusing defendant's second instruction.

The court rendered judgment for the restitution of the property, and also for double the amount of damages assessed, and double the amount of the monthly rents and profits against the defendant and the sureties in the appeal bond. The doubling of the damages and the rents and profits is sanctioned by the statute, but the judgment against the sureties was erroneous. The statute on the subject in relation to appeals in unlawful detainer cases, provides that if the defendant is the appellant, he shall, with one or more sureties, to be approved by the justice, enter into a recognizance to the complainant in a sum sufficient to secure the payment of all damages, rents and profits and costs, that are or may be adjudged against him, conditioned for the prosecution of the appeal. (Wagn. Stat., 651, § 15.) But no provision is made for rendering judgment against the sureties on the bond, as in cases under the practice act, before justices of the peace.

This section has been previously before this court, and it has been held that it does not authorize a judgment on the appeal bond against the principal and sureties in a summary manner, as in ordinary appeals from justices. (Keary vs. Baker, 33 Mo., 603; Gunn vs. Sinclair, 52 Mo., 327.)

The judgment must therefore be reversed, and judgment will be entered in this court against the defendant alone. The other judges concur.