————o————

ALFRED URTON, Plaintiff in Error, *vs.* NICK SHERLOOK, Defendant in Error.

61  257
84a 431
86a 214

1. *Justices' court—Judgment without proper service—Appeal to circuit court—Setting aside of judgment, when proper.*—Where a transcript from a justice's court shows judgment rendered against two or more defendants without sufficient service, the judgment may be dismissed by the circuit court on motion as to those who appeal, but as to parties not appealing such action is improper.

2. *Texas cattle act, jurisdiction of justice under.*—Justices of the peace have jurisdiction of actions for damages received by reason of the introduction of Texas cattle into this State. (Wagn. Stat., 251.)

### *Error to Bates County Circuit Court.*

*Armstrong & Johnson,* for Plaintiff in Error.

*Bogges & Sloan,* for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court.

Action for $1,000 damages brought by attachment before a justice of the peace, in consequence of losses suffered by the introduction into this State of a certain description of cattle, between the first day of March and the first day of November.

The property of the defendants was attached, and one of them (Cantrell) was served personally with process. As to him, judgment by default was taken, and publication ordered as to the other two defendants, Shirlock and Campbell. The defendants thus ordered to be notified, not appearing at the time specified in the order, judgment by default was taken against them also, and the default was made final against all of the defendants. They filed their motion to set aside the judgment by default, but failing in this, Campbell alone appealed to the circuit court, when on the motion of all the defendants the court dismissed the cause. The grounds of the motion were lack of jurisdiction by the justice over the persons of the defendants and the subject matter of action.

## I.

In attachment cases originating before a justice of the peace, when a defendant cannot be summoned, he is to be notified by four advertisements set up at as many public places in the county. The proof that these notices have been thus posted is to be made either by the return of the constable or the affidavit of a competent witness. (Wagn. Stat., 196, §§ 76 and 77.) In this case, although the docket of the justice recites that the notices "were posted according to law," yet this recital finds no support in the transcript of the proceeding nor in the original papers filed in the cause, as neither return of the constable nor affidavit of witness announces the service of the notice. It may be that the advertisements were posted in accordance with law, but we are certainly not at liberty to presume this, when the justice certifies that he has transmitted to the circuit court all that which the law requires to be thus certified and transmitted, and nothing in the shape of return or affidavit evidences the fact of notice given. But it by no means follows from the above premises that the action of the circuit court should receive our sanction. So far as Campbell was concerned no fault can be found, as he took advantage of the defective service or lack of service of notice, by moving directly in the matter, and on the refusal of the justice to set aside the default, took an appeal. Not so with

the other defendants, who, not having appealed, had no standing in the circuit court and no right to be heard. And that court clearly erred therefore in dismissing the cause as to the non-appealing defendants. It should have confined its order of dismissal to Campbell, who appealed.

## II.

. Owing to the shape in which this cause is presented here, it is perhaps unnecessary to discuss the question whether a justice of the peace has jurisdiction in suits of this character. But were such discussion necessary, it would seem evident from a perusal of the chapter relating to Texas cattle, (Wagn. Stat., 251) and more especially of sections 9 and 10 of that chapter, that any doubt on this score would readily be resolved in favor of the jurisdiction, since section 9 gives an action for all damages sustained in consequence of a violation of the first section of the act, and section 10 confers jurisdiction on justices of the peace "over all cases which may arise" under the provisions of that act.

The judgment is reversed and the cause remanded. The other judges concur.