GRAY et al., *Plaintiffs in Error*, v. DRYDEN.

1. **Forcible Entry and Detainer**: JUDGMENT UPON APPEAL BOND. In an action of forcible entry and detainer, a summary judgment cannot be rendered against the surety on the appeal bond, as in ordinary cases of appeal from justices of the peace.

2. **Appeals.** The fact that only one of two plaintiffs has appealed, cannot of itself be ground for dismissal; the failure to appeal by a party unnecessarily joined as plaintiff, is not a bar to the prosecution of an appeal by the other plaintiff.

3. **Husband and Wife**: PARTIES PLAINTIFF. The possession by the wife of land to which she has the legal title is the possession of the husband; and she is not a necessary party to an action for injury to the possession.

*Appeal from Montgomery Circuit Court.*—HON. G. PORTER, Judge.

REVERSED.

*John M. Barker, Wm. H. Biggs* and *J. D. Barnett* for plaintiffs in error.

*Gatewood & Forrist* for defendant in error.

MARTIN, C.—This was an action of forcible entry commenced before a justice of the peace on the 22nd day of March, 1880. The action was instituted in the name of Edward Gray and Mary Gray, his wife. It was tried by a

jury and a verdict was rendered in favor of defendant. From this verdict and judgment the plaintiff Edward Gray alone appealed, giving an appeal bond reciting such fact. The entry of appeal was at his instance alone and in his behalf. When the appeal was perfected by filing of the papers of the case in the circuit court, the defendant moved for a dismissal of the appeal on the ground that the plaintiff in his complaint had alleged a joint possession in himself and co-plaintiff below, and by the judgment there the defendant had been acquitted of any injury to such possession. It was also urged that the court had no jurisdiction of the case, and that the affidavit and appeal bond were defective. This motion was sustained by the court, and the appeal was dismissed and judgment rendered against the plaintiff and his surety in the appeal bond for costs, and execution therefor awarded. From this judgment the plaintiff prosecutes his writ of error.

The court erred in rendering a judgment against the plaintiff's surety in the appeal bond. It has been determined in the decisions of this court that 1. FORCIBLE ENTRY AND DETAINER: judgment cannot be rendered on appeal judgment upon appeal bond. bonds in this form of action as it can be in other appeals from justices of the peace. *Gunn v. Sinclair*, 52 Mo. 327; *Powell v. Camp*, 60 Mo. 569.

The statute of forcible entry and detainer provides that " any party aggrieved by the judgment of a justice of the 2. APPEALS. peace, in any case of forcible entry and detainer, or unlawful detainer, except a judgment of non-suit, may appeal therefrom to the circuit court." R. S. 1879, § 2468. This statute means what it says, and the fact that only one of two defendants, or one of two plaintiffs, has appealed cannot, of itself, be any good ground for dismissing the appeal. It has been held that when one of two defendants perfects an appeal for himself alone, the judgment below against his co-defendant remains in full force and is not affected by the appeal. *Urton v. Sherlock*, 61 Mo. 257. I see no reason why the same result should not follow

an appeal when taken by only one of the two plaintiffs against whom a judgment has been rendered. The judgment against the non-appealing party is final, and constitutes a bar to any further suit by him. Whether the appealing plaintiff has a case which he can continue to prosecute alone in the upper court, is a question not easily disposed of on motion or otherwise than by trial. The facts constituting his cause of action must disclose its character. It must be evident that there are very few and perhaps no cases in which the plaintiff can legally proceed above if a co-plaintiff was a necessary party below; but if a party is unnecessarily joined as plaintiff below, and the necessary party or plaintiff seeks to appeal, I do not think the judgment remaining unappealed from by the unnecessary plaintiff, ought to be a bar against the other plaintiff who appeals and endeavors to proceed in his own behalf. If he can show that the cause of action belongs to him, then the judgment against his co-plaintiff is right and he should be allowed to proceed.

This was an action for an injury to the actual possession of real estate. The possession of the wife was the possession of the husband. I do not well see how their possession can be joint or common under our law. Certainly this is not so in respect to her general real estate, which is placed by the law in the exclusive possession of her husband. When he is in possession of it, the fact that she is on it with him, gives her no possession, any more than to any other member of his family whose actions are subject to his control. She is not in joint possession with him because she is there; and she is not a necessary party to any suit to vindicate the possession against trespassers and wrong-doers. *Bledsoe v. Simms,* 53 Mo. 305; *Wilson v. Garahty,* 70 Mo. 517; *Gunn v. Sinclair,* 52 Mo. 327; *Powell v. Camp,* 60 Mo. 569. It is true that the complaint seems to imply a common possession in the allegations relating to possession. But it also discloses the fact that it was only such common possession as can be

3. HUSBAND AND WIFE: parties plaintiff.

predicated of husband and wife, which the law says is not common but exclusive in the husband. The complaint sets forth facts which taken as a whole do not present any good objection to his proceeding with the suit if he can show an exclusive possession in himself, or such possession as the law gives him in his wife's lands.

The judgment of the circuit court is reversed, the dismissal of the appeal set aside, and the court ordered to proceed with the case in conformity with this opinion. All concur.