Fischer & Company, Respondent, v. G. D. Anslyn *et al.*, Appellants.

St. Louis Court of Appeals, April 10, 1888.

1. Mechanic's Lien—Tenancy by the Courtesy.—An inchoate tenancy by the courtesy cannot be subjected to a mechanic's lien.

2. ——— Failure to Appeal from a Justice—Married Woman's Rights and Liabilities.—A married woman, being the owner of a lot, joined with her husband in a mortgage to raise money for improvements, and the husband thereupon made a contract for the erection of a building on the lot. A subcontractor sued before a justice of the peace for a mechanic's lien, making the principal contractor, the husband and wife, and the mortgagee, parties defendant, and obtained judgment for his lien against all the parties. The husband only appealed to the circuit court. *Held :* (1) The judgment of the justice was a finality against the defendants who did not appeal ; (2) the wife, by joining in the mortgage for the purpose mentioned, and realizing benefits in the improvement of her land, was sufficiently identified with the building contract made by her husband ; (3) upon all the facts, the proper final entry will be, a judgment declaring a lien against the building alone.

Appeal from the St. Louis Circuit Court, Hon. George W. Lubke, Judge.

*Reversed and remanded.*

H. W. Bond and C. E. Gibson, for the appellants : The plaintiff has not adduced any evidence entitling him to a lien against the interest of Caroline Dixon in said land or improvements, and, moreover, he has not even attempted to charge her interest with a lien. *Coe v. Ritter*, 86 Mo. 277. The account filed by plaintiff shows his clearly expressed intention that it shall apply only against the interest of Walter Dixon. The case of *Meyer v. Broadwell*, 83 Mo. 571, was a suit on a mechanic's lien. The work was done on the land of the wife at the instance of the husband, but she had nothing

to do with it. The court held that her land was not subject to the lien. Plaintiff is a mere subcontractor, and can have no personal judgment against one not in privity with him. *Schmieding v. Ewing*, 57 Mo. 78. The wife's land cannot be subjected to a lien on account of a contract made by the husband for the erection of improvements on her land. *Barker v. Berry*, 8 Mo. App. 446, and *Hughes v. Anslyn*, 7 Mo. App. 400. In *City v. Anderson*, 78 Mo. 85, the husband made a dedication to the city of Marshall of land in which he had a right of courtesy. The dedication was held to be a mere nullity, not conveying even the marital interest. *Wannell v. Kem*, 51 Mo. 152 ; *Goff v. Roberts*, 52 Mo. 570 ; *Mueller v. Kaessman*, 84 Mo. 324 ; *Hord v. Taubman*, 79 Mo. 101 ; *Gitchell v. Messmer*, 87 Mo. 131. We think it is undoubtedly true that a house built and paid for by the proceeds of a deed of trust on land becomes a part of the realty and stands in law for the land ; that a building erected becomes a part of the realty and is owned by the owner of the land. *Hunt v. Railroad*, 76 Mo. 115.

H. M. WILCOX and GEO. E. SMITH, for the respondent: The existing deed of trust in which Walter T. Dixon joined, holds his interest in the lot against this judgment on the lien. *Ambrose M'f'g Co. v. Gapen*, 22 Mo. App. 397 ; *Hall v. St. Louis M'f'g Co.* 22 Mo. 33 ; *Crandall v. Cooper*, 62 Mo. 478. The trial court found that Walter T. Dixon was an owner of an interest in the lot, and as such owner made the building contract in question. That finding as to a material fact, cannot be reviewed in this court upon this record. *Gaines v. Fender*, 82 Mo. 497 ; *Hamilton v. Boggess*, 63 Mo. 233 ; *Field v. Crecelius*, 20 Mo. App. 302. But if the case rested on Dixon's title by the courtesy alone we have no hesitation in saying, that he ought to be held to be an owner under the lien law, and the lien sustained upon the peculiar facts disclosed by this record. *De Witt v. Smith*, 63 Mo. 266. In other states where it

appears that the husband's courtesy has not been modified by statute, the courts have sustained the lien. *McCarty v. Carter*, 49 Ill. 53 ; *Fitch v. Baker*, 23 Conn. 563 ; *Kirby v. Tead*, 13 Met. (Mass. 54) 149. And, also, where husband and wife were tenants by the entireties. *Washburn v. Burns*, 34 N. J. Law (5 Vroom ) 18. In two states, at least, where courtesy has been exempted and withdrawn from the reach of an execution, as completely as in this state, a mechanic's lien based on his contract has been sustained. *Martin v. Pepall*, 6 R. I. 92 ; *Woodward v. Wilson*, 68 Pa. 208 ; *Schmidt v. Wright*, 6 Mo. App. 601.

PEERS, J., delivered the opinion of the court.

This is a suit commenced before a justice of the peace on a mechanic's lien. In this action plaintiff seeks to recover one hundred and fifty dollars, for materials furnished by him to defendant, Gerard D. Anslyn, a subcontractor under defendant, Louis A. Anslyn, the contractor with the defendant, Walter T. Dixon, the owner, for the construction of a two-story frame building situated upon the lot of ground described in the plaintiff's petition.

Walter T. Dixon and Caroline C. Dixon were husband and wife and a living child had been born of their marriage. Each owns a certain right, title, and interest in said lot. Walter T. Dixon was entitled to the possession, and was in possession and exercising acts of ownership over said lot, and contracted as owner for the erection of the building. Walter T. and Caroline C. Dixon conveyed said property in trust to Charles M. Whitney, trustee of defendant, Valley Building Company. They made said conveyance for the purpose of raising money to make the improvements described in plaintiff's petition.

At the trial before the justice defendants, Walter T. Dixon, Caroline C. Dixon, and the Valley Building Company, made default. There was a judgment before the justice for plaintiff against defendant, Gerard D.

Anslyn, and the mechanic's lien sustained as against the building and improvements, and also against the interest of Walter T. Dixon in said lot. From this judgment Walter T. Dixon alone appealed. In the circuit court plaintiff filed an amended statement, whereupon, both parties waiving a jury, the case was tried by the court.

The record in this court shows that the plaintiff at the trial put in evidence tending to prove all the facts necessary to establish his mechanic's lien under the statute.

The defendants offered no evidence. The court found that plaintiff had established his lien.

The case comes here by appeal.

The material facts in this case as disclosed by the record are, that the husband entered into a contract to build a house upon property that belonged to the wife, in which he had no interest except his curtesy, and that prior to this contract, or about that time, the said husband and wife had jointly mortgaged the property for five thousand dollars, with which to build upon the same, and the said mortgage or deed of trust especially obligated the husband and wife to keep the property and improvements free from all mechanics' liens of any sort whatever. The petition asks for, and the plaintiff insists upon, a lien and a sale of the house and the husband's interest in the land. There are but two points that need be discussed, the other points raised by counsel being either secondary or immaterial.

I. Did the court err in declaring a lien against the interest of the husband in the land?

It cannot be held that the husband has, by virtue of his marital rights, such an interest in the lot as will pass by his contract. True, the lien of the mechanic is the creature of the statute, and arises by operation of law, but if the husband's marital rights are not of such a character as to enable him to dispose of his interest in the realty, to which they attach, either by his express contract, or by his default, separate from his wife's

interest, we cannot see how a lien can attach to his separate interest under the ruling of the Supreme Court in *Wannall v. Kem*, 51 Mo. 150 ; *City of Marshall v. Anderson*, 78 Mo. 85 ; *Hord v. Taubman*, 79 Mo. 101 ; *Gitchell v. Messmer*, 87 Mo. 131.

II.   Was the house, after it was finished, having been built upon the realty of the wife, and on the money she had raised thereon for that purpose, subject to a mechanic's lien that would authorize its sale or removal under the mechanic's lien law of this state?

On this question the record shows the lien to have been foreclosed on the house by the judgment of the justice of the peace ; from that judgment the wife took no appeal, and the judgment thus rendered remains in full force, and was not affected by the appeal of the husband.   Mrs. Dixon, not having appealed, is concluded by the judgment of the justice.   She had no standing in the circuit court and had no right to be heard, and that court committed no error in refusing an instruction offered by the wife.   Nor was the Valley Building Company before the circuit court, since it took no appeal from the judgment of the justice of the peace. *Urton v. Sherlock*, 61 Mo. 257 ; *Gray v. Dryden*, 79 Mo. 106.   If, therefore, the lien on the house is foreclosed, it is not the foreclosing of a separate lien on the husband's interest in the house, but whatever interest the husband and wife may have therein, which is shown to be an equity of redemption.   If the wife had been before the court on the appeal we think 'the court, upon the evidence, would have been warranted in finding that she was bound by her husband's contract in building the house, for the record plainly shows that the wife contemplated building, having mortgaged her property to raise money for that express purpose, and covenanted with the mortgagee that she would keep the premises free from all mechanics' liens.   Can it be said that after she had permitted her husband to go on and make the contract for these contemplated improvements, and superintend the erection thereof, and expend her money

thus raised as she intended it should be expended, and have moved in and occupied the house, that the policy of the law will permit her to claim that, not only her interest in the land, but that the house also, is not subject to a mechanic's lien for materials that entered into the construction of the building? And all because she was not an express party to the contract, and no express agency was shown in the husband? We do not think that she can shield herself behind such a defence. "*Qui facit per alium, facit per se*," is a maxim entirely applicable here.

It follows that we will have to reverse the judgment and remand the cause, with directions to the circuit court to enter judgment declaring a lien against the building alone. All the judges concurring, it is so ordered.