JOHN DOWNEY, Respondent, v. LAURA HIGGS *et al.*, Appellants

Kansas City Court of Appeals, May 12, 1890.

Mechanic's Lien: OMISSION OF THE NAME OF ORIGINAL CONTRACTOR: PARTIES TO CONTRACT. H., the owner of the premises, contracted with F. for the erection of a block of buildings thereon. He sublet the brick work to R., who procured the brick of D., and failed to pay therefor. D. thereupon gave H. a regular ten days' notice of the furnishing of the materials to R., as subcontractor of F., but his sworn account and statement filed in the clerk's office, in pur- suance of said notice, states nothing more, in this regard, than that the materials were "furnished by him under a contract with R. to, and for, the buildings," etc. *Held:* (1) That the omission to state the name of F. as contractor with H. did not defeat D.'s lien; and (2) that "the parties to the contract are the parties to that contract which is the subject of the inquiry, and as between whom a personal judgment is to be rendered," and (3) that the contract which is the subject of the inquiry for the enforcement of D.'s lien is the contract between him and R., who is a necessary party defendant, while the original contractor is not a necessary party.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Botsford & Williams* and *B. F. Deatherage*, for appellants.

Plaintiff, having failed to give the name of the contractor, A. A. Frazier, in his lien, the same is void. *Hoffman v. Walton*, 36 Mo. 618; *Kelly v. Laws*, 109 Mass. 395; *Ward v. Black*, 7 Phil. Pa. 342; Phillips on Mech. Liens [2 Ed.] sec. 21, 345.

*L. Traber*, *T. H. McNeil* and *R. J. Ingraham*, for respondent.

(1) A. A. Frazier, the original contractor, is not a necessary party to the suit, and, consequently, is not a necessary party to the lien. *Goff v. Papin*, 34 Mo. 180; *Steinmann v. Strimple*, 29 Mo. App. 482; *Whitmeyer v. Dart*, 29 Mo. App. 569; *Foster v. Wulfing*, 20 Mo. App. 87; *Fruin v. Furniture Co.*, 20 Mo. App. 313; *Davis v. Livingston*, 29 Cal. 283; *De Witt v. Smith*, 63 Mo. 266; *Putnam v. Ross*, 46 Mo. 337; *Morgan v. Railroad*, 76 Mo. 172; *Bradish v. James*, 83 Mo. 318. (2) Appellants cannot be heard on what they claim to be a defect of parties when it works no substantial injury to them and was not raised by demurrer or answer, and especially after their original answer admitted the correctness and sufficiency of respondent's claim and his right to a lien. *Murphy v. Type Foundry*, 29 Mo. App. 541; *Horstkotte v. Menier*, 50 Mo. 158; *Planing Mill v. Church*, 54 Mo. 520; *Dowzelot v. Rawlings*, 58 Mo. 75; *Bogie v. Nolan*, 96 Mo. 91; *Schad v. Sharp*, 95 Mo. 576; *Breckinridge v. Ins. Co.*, 87 Mo. 62; *Hotel Co. v. Sauer*, 65 Mo. 270; *Anderson v. McPike*, 86 Mo. 293; Greenleaf on Evidence, sec. 27, 171; *Schlicker v. Gordon*, 19 Mo. App. 485.

GILL, J.—One Frazier was contractor with Laura F. Higgs for the erection of a block of buildings on land belonging to Mrs. Higgs in Kansas City. Defendants

Richards & Banfield agreed with Frazier to do the brick work. Plaintiff Downey, under contract with said firm of Richards & Banfield, supplied the brick for, and which were used in, said block of buildings. The brick were not fully paid for, leaving a balance due Downey of three hundred and fifty-nine dollars, and the suit was brought to enforce a mechanics' lien against Mrs. Higgs' property. The judgment in the circuit court was for the plaintiff against said Richards & Banfield for the amount so due on account and for the enforcement of a lien against Mrs. Higgs' real estate. She appeals.

The sole point we are called upon to consider relates to the sufficiency of the lien filed by Downey in the office of the circuit clerk, November 1, 1886. The specific objection to the lien is that it omits to state the name of Frazier as contractor with Mrs. Higgs. The notice given on October 20 (ten days preceding the day the lien was filed) advised defendant Higgs of the furnishing of the materials to Richards & Banfield and that they were subcontractors under said Frazier; but the sworn account and statement of Downey, filed in pursuance of said notice, states nothing more, in this regard, than that the materials were "furnished by him under contract with Richards & Banfield to, and for, the buildings and improvements described as follows," etc., leaving out the name of Frazier as contractor with defendant Higgs. It is claimed by defendant's counsel, and urged, too, with much force and ability, that thus omitting to insert the name of the original contractor Frazier in the plaintiff's sworn account vitiates the lien.

Since the plaintiff was not the "original contractor," or "journeyman" or "day laborer" mentioned in section 6709, Revised Statutes, 1889, which declares the manner of placing a mechanics' lien on real estate, it was required of him, within four months after the indebtedness accrued, to file with the clerk of the circuit court of Jackson county a just and true account of his

demand, with a description of the property upon which the lien was intended to apply *"with the name of the owner or contractor*, or both, if known to the person filing the lien," which shall be verified, etc. Plaintiff claims to have complied with the requirements of this section by naming Mrs. Higgs as owner, and Richards & Banfield as contractors. Defendants insist that Frazier's name should appear as contractor, and in default thereof the effort to create a lien failed. While this section ( 6709, *supra* ) is, when read alone, somewhat uncertain, yet, considering the entire law on mechanics' liens, as contained in the statute, we must hold with the plaintiff and decide that, in naming Richards & Banfield in the sworn statement of his account, plaintiff followed the demand of the statute.

By the terms of the section 6705 ( the first section of the mechanics' lien law ) this plaintiff was given a lien for materials that he might furnish for constructing these buildings "under or by virtue of any contract    *    *    * with any subcontractor," etc. Preparatory to filing his lien the plaintiff was required by section 6723, ten days before such filing, to give Mrs. Higgs, the owner, notice of the claim he held against her building "setting forth the amount thereof and *from whom the same is due.*" Section 6713 ( providing for parties to the suit to enforce the lien ) directs "in all suits under this article the *parties to the contract* shall    *    *    *    be made parties," etc. Now under these various sections, viz.: 6705, 6723 and 6713, Richards & Banfield, as to the plaintiff at least, were contractors. They were the parties with whom he contracted to furnish materials to go in Mrs. Higgs' buildings. Richards & Banfield were the proper contracting parties to name in the notice to Mrs. Higgs, warning her of the charge plaintiff had against her property. Said Richards & Banfield were clearly the persons "from whom said claim was due," and directed by section 6723 to be named in the notice. They, too, are *"the parties to the contract"* who *must* be made

defendants in the action to enforce the lien, as commanded in section 6713. The "*parties to* the contract," mentioned in the section, are "the parties to that contract which is the subject of the inquiry, and as between whom a personal judgment is to be rendered." *Foster v. Wulfing*, 20 Mo. App. 87; *Whitmeyer v. Dart*, 29 Mo. App. 569; *Goff v. Papin*, 34 Mo. 180; *Peters v. Railroad*, 24 Mo. 587; *Kent v. Railroad*, 2 Kernan, 628.

The contract, which is "the subject-matter of inquiry" for the enforcement of plaintiff's lien, is the contract between Richards & Banfield and said plaintiff, and hence said Richards & Banfield are necessary parties defendant in plaintiff's suit, while said Frazier, the original contractor with Mrs. Higgs, is *not* a necessary party. See cases last cited. Since then Richards & Banfield, under section 6705, are the *contractors* with whom plaintiff agreed to furnish these materials in the construction of Mrs. Higgs' buildings; since too, under section 6723, said Richards & Banfield were the *contracting* parties necessary to be named in the notice to be served on Mrs. Higgs, reminding her of the lien thereafter to be filed, and since, too, said Richards & Banfield were *the contractors* ( and the *only* contractors ) intended to be included in the suit to enforce the lien, we are of the opinion that the same Richards & Banfield fill the description of *contractors*, under section 6709, and which were necessary to be named in the sworn statement and account filed in the circuit clerk's office.

Holding these views, then, the judgment of the circuit court must be affirmed. All concur.