CAHILL, COLLINS & COMPANY, Repondents, v. L. B. ELY *et al.*, Appellants.

Kansas City Court of Appeals, November 20, 1893.

Mechanics' Liens: LIEN PAPER: CONTRACTOR. It is not necessary that the lien paper would, in terms, allege that the person to whom the material was furnished was the original contractor; it is sufficient if it states the names of the contracting parties, with whom the plaintiffs agreed to do the work and furnish the material without stating the contractor made a contract with the owner; and the lien paper in this case is *held*, sufficient, since it gave the owner all the information necessary to protect himself.

*Appeal from the Carroll Circuit Court.*—HON. E. J. BROADUS, Judge.

AFFIRMED.

*Pattison & Timmons* attorneys for Ely.

. (1) While the later decisions of the courts of our state declare that the law in relation to mechanics' liens ought to be liberally construed, yet it shall be remembered that a mechanics' lien is purely of statutory creation, and that it can only be maintained by a substantial observance of, and compliance with, the provisions of the statute. *Malther v. Falcon Mining Co.*, 2 Pac. Rep. 50; Phillips on Mechanics' Liens, sec. 89. (2) This lien must contain, if known, the names of both the owner and contractor. Revised Statutes, 1889, sec. 6709; *Bertheolet v. Parker*, 43 Wis. 551; *Malther v. Falcon Mining Co.*, 18 Nev. 209; *Gordon v. Deal*, 31 Pac. 287. The statute contemplates a positive designation of the name of the contractor, if known. *Mayes v. Ruffners*, 8 W. Va. 386; *McElwee v. Sandford*, 53 How. Pr. 90; *Hooper v. Flood*, 54 Cal. 222. It only relieves a party claiming a lien from giving the name of the contractor when it is not known to him. *Kelly v. Laws*, 109 Mass. 396. Where the statute requires it, the name of the contractor, if known, must be stated; and, if the name of the contractor is unknown, that fact ought to be stated. Phillips on Mechanics' Liens, sec. 345, *et seq.;* 2 Pac. 50, *supra*. (3) The lien only exists "by virtue of any contract with the owner or proprietor." Revised Statutes, 1889, sec. 6705; *Horton v. Railroad*, 84 Mo. 602; *Planing Mill Co. v. Amelia Brundage and husband*, 25 Mo. App. 268. (4) A petition which fails to state that the improvement was erected under a contract with the owner, is fatally defective. *Peck v. Bridwell*, 6 Mo. App. 451; Revised Statutes, 1889, sec. 6712. The allegation in the lien that Cahill, Collins & Co., under a contract with Hanley & Keraghan, furnished certain materials for a building, of which L. B. Ely

was owner, does not allege nor show that Hanley & Keraghan were the original contractors, nor does it show any contractual relation with Ely at all, and is fatally defective. *Warren v. Quade*, 29 Pac. Rep. 827; *Barker v. Berry*, 8 Mo. App. 446; *Merriman v. Headley*, 26 N. W. Rep. 728; *Keller v. Houlihan*, 21 N. W. Rep. 729; *Anderson v. Knudson*, 22 N. W. Rep. 302; *Rugg Hoover*, 10 N. W. Rep. 473; *O'Neil v Anderson*, 4 N. W. Rep. 47; *v. Malther v. Falcon Mining Co.*, 2 Pac. Rep 50; *Mfg. Co. v. Wilson*, 29 Pac. Rep. 829.

*Geo. N. Elliott* and *J. F. Graham* for respondents.

The lien filed is sufficient. It is not claimed that the name of the contractor is not given in the lien, but that the lien does not allege that the contractor so named had a contract direct with the owner, Ely. It is not necessary to make such allegation in the lien. Revised Statutes, 1889, sec. 6709; *Simmons, Garth & Co. v. Carrier*, 60 Mo. 581; *Henry & Coatsworth Co. v. Evans*, 97 Mo. 47; *McDermott v. Claas*, 104 Mo. 14.

SMITH, P. J.—This was an action on a mechanics' lien. The plaintiffs had judgment in the court below, and the defendants have appealed.

It appears from the record before us that at the trial, the plaintiffs, to sustain the issue in their behalf, gave in evidence the lien papers, on which the action was founded, in which it was stated that plaintiffs furnished the materials to the Hanly Kerraghan Plumbing and Gas Fitting and Heating Company for certain improvements on the real estate therein described, of which the defendant Ely was the owner, and that such materials were used in making the improvements.

The defendant objected to the introduction of this paper on the sole ground that it did not allege nor show

who *was the original contractor, nor that any contract was made with the owner of the building.* The action of the trial court in overruling defendant's objection is made the basis of the appeal here. It is contended that since the lien paper does not, in direct and express terms, describe or mention any person, or persons, as "the contractor," that it is insufficient.

Section 6709, Revised Statutes, provides: "It shall be the duty of every original contractor within six months, and every journeyman and day laborer within sixty days, and every other person seeking to obtain the benefit of the provisions of this article—article 1—within four months after the indebtedness shall have accrued, to file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given, which is to be a lien upon such buildings or other improvements, and a true description of the property, so near as to identify the same, upon which, the lien is intended to apply, with the *name of the owner or contractor, or both,* if known to the person filing the lien, which shall in all cases be verified by the oath of himself or some credible person for him."

It is seen from the above quoted provision of the statute, that the lien paper shall give "the name of the contractor." It will be further observed that the lien paper in question states that the work and labor done and materials furnished, was under a contract by plaintiffs with the Hanly Kerraghan Plumbing and Gas Fitting and Heating Company, also a defendant, for a two-story brick block of buildings which, with the lots on which the same were situate, was owned by defendant Ely. It is insisted that the Hanley Kerraghan Plumbing and Gas Fitting and Heating Company are not described as "the contractor." If this descriptive term had immediately followed that of the name of this

company in the lien paper the designation, no doubt, would have been unexceptionable. The statute does not require the lien paper to state that "the contractor" is the original contractor; it is sufficient if it state the names of the contracting parties with whom plaintiffs agreed to do the work and furnish the materials. *Downey v. Higgs*, 41 Mo. App. 215. While the statute requires the lien paper to give the name of the owner, it no where requires that such lien paper state that "the contractor" made a contract with the owner. We think it is about as plain as anything can be that it may be fairly inferred from the facts expressly stated in the lien paper, that Hanly Kerraghan Plumbing and Gas Fitting and Heating Company, to whom the work and labor and materials were furnished for the defendant's improvements, were "the contractors"

The statute, section 6712, requires that the petition in an action on a mechanics' lien, among other things, shall allege the facts necessary for sueing the lien under article 1; and it was held in *McDermott v. Class*, 104 Mo. 14, that the giving of the name of a person, and designating him as the party from whom the account is due, is a designation by inference that such person is "the contractor," and that a petition showing this is sufficient. There is no reason why, if such a statement is sufficient in a petition on the lien, that a like statement in the lien paper itself is not also sufficient to entitle the party furnishing the labor, or materials, to the beneficial provisions of the statute in relation to mechanics' liens.

The lien paper gave the owner all the information necessary to protect himself. It informed him of the nature of plaintiff's claim, what the items were, the name of the contractor to whom furnished and for what purpose. This, we think, was all that any fair

and reasonable construction of the statute ought to require.

It follows that the judgment should be affirmed, which, with the concurrence of the other judges, is ordered accordingly.