JOSEPH PATTON, Respondent, v. JOHN J. COOPER, Appellant.

### Kansas City Court of Appeals, April 30, 1900.

1. **Principal and Surety:** NOTICE TO SUE: COMMENCING ACTION: RETURN DAY OF WRIT. A surety gave the holder of a note notice to sue the principal. Two days later the suit was instituted before a justice and the summons made returnable more than thirty days after its date. Two of the defendants lived in different townships from the justice and there was no evidence that the plaintiff caused the return day to be set for a longer time than necessary for service. Held: The surety was not released.

2. ————: EXECUTION: APPEAL; INSTRUCTION. Judgment went for the plaintiff in the justice's court against both principal and surety, and the surety only appealed. The plaintiff took out no execution against the principal, and the evidence tended to show that the surety ordered the justice not to issue an execution. Held: Ordinarily the principal should have taken out an execution, but on the facts here, it was not proper to instruct the jury that his failure so to do released the surety.

3. ————: TRANSCRIPT OF JUDGMENT: HOMESTEAD: INSTRUCTION. The justice rendered judgment against principal and surety, and the surety only appealed. The plaintiff filed no transcript of the judgment with the clerk of the circuit court. The principal sold a part of his homestead. Held: The surety was not harmed by the failure to file the transcript, since it could not be a lien on his homestead.

Appeal from the Livingston Circuit Court.—*Hon. E. J. Broaddus*, Judge.

AFFIRMED.

*Oscar L. Smith* for appellant.

(1) The suit must be commenced within thirty days after notice, and proceed with due diligence, in the ordinary course of law to judgment and execution. R. S. 1889, sec.

8344. It was the duty of the justice to issue execution as soon as judgment was rendered, unless he was expressly directed by the party entitled thereto, or his agent or attorney not to do so. R. S. 1889, sec. 6300; Peters v. Linenschmidt, 58 Mo. 467; O'Howell v. Kirk, 41 Mo. App. 523. (2) Any person aggrieved by the judgment of the justice may appeal and the judgment will stand against the others not appealing. R. S. 1889, sec. 6327; Urton v. Sherlock, 61 Mo. 258; Gray v. Dryden, 79 Mo. 107; Fischer & Co. v. Anslyn, 30 Mo. App. 320; Freeman & Nave v. Quarry Co., 30 Mo. App. 363. (3) It is settled that the defendant may on the trial anew in the circuit court, avail himself of any defense which he may have, whether he has offered it in the justice's court or not; except that he can not plead an offset or counterclaim that was not pleaded in the justice's court. Comfort v. Lynam, 67 Mo. App. 670; Meyers v. Boyd, 37 Mo. App. 535; Moore v. Hutchinson, 69 Mo. 429; Compton v. Parsons, 76 Mo. 455. (4) There never was any authority requiring defendants to sever in appeals from justices' courts, other than to file separate answers and to perfect separate appeals. The references sanctioned by the early cases have been eliminated by statutes permitting any person to appeal and by the later decision under those statutes. Perry v. Block, 1 Mo. 484; Fagan v. Long, 30 Mo. 225; Urton v. Sherlock, 61 Mo. 258; Gray v. Dryden, 79 Mo. 107; Fischer & Co. v. Anslyn, 30 Mo. App. 320; Freeman & Nave v. Quarry Co., 30 Mo. App. 363.

*E. M. Swartz* and *B. B. Gill* for respondent.

(1) The statute in force at the time this note was sued says the summons in justices' courts shall be made returnable in not less than ten nor more than seventy-four days from the date thereof. R. S. 1889, sec. 6145. This section was

amended by the act of 1899, by shortening the time of the return to thirty days from its issue. The above section is now 3859 of the R. S. 1899. (2) The appellant complains because the respondent did not file a transcript of the judgment and cause execution to issue at the same time. There is no law compelling a party to file a transcript of a judgment in order to protect the rights of the surety in cases like this. (3) There is not a word in the record showing that the defendant, Oscar Cooper, had, at the date of judgment, before nor since, a dollars worth of personal property that could have been reached by an execution, had one been issued. If the principal in the note had no personal property subject to execution, how was appellant injured because no execution was issued? (4) The principal contention of appellant seems to be that no execution was issued on the judgment as soon as it was rendered. Whose fault was it that no execution was issued?

ELLISON, J.—Defendant was surety on a note to plaintiff executed by two principals which being overdue he notified plaintiff in writing as provided by statute to bring suit thereon. Plaintiff did bring suit and obtained judgment against both principals and this defendant before a justice of the peace. Defendant alone appealed to the circuit court where plaintiff again had judgment and defendant appealed here.

The notice to sue was served on plaintiff August 28, 1898, and suit was instituted before the justice on August 30th, and summons issued returnable October 6th, following. On that day defendant appeared and filed a written answer as follows:

"Now at this day comes John Y. Cooper, one of the defendants in this cause, and for his separate answer says that he signed the note sued on, as surety for Oscar Cooper, and that plaintiff accepted said note knowing that he, this

defendant was only surety thereon; that on the twenty-eighth day of August, 1898, this defendant, after an action had accrued on said note, gave notice in writing to Joseph Patton, requiring him forthwith to commence suit against the said Oscar Cooper and R. K. Dunn to collect said note; that the said Joseph Patton failed and neglected to commence a suit against said parties within thirty days after the service of such notice and to proceed with due diligence in the ordinary course of law to judgment and execution, and by reason of said negligence this surety is exonerated from liability to the said Joseph Patton as surety on said note. Wherefore this defendant prays to be discharged as such surety and to go hence with his costs."

The other defendants did not appear and as this defendant merely filed the answer without making appearance for trial in support thereof, the justice rendered judgment against all three for the amount of the note.

1. The defendant's claim here is, that though the suit was begun within the thirty days after notice as provided by statute, yet since the summons was made returnable beyond the thirty days, that it was not a prosecution with diligence. Two of the defendants before the justice lived in a different township from that of the justice, and as nothing was given in evidence tending to show that plaintiff had caused the return day of the summons to be set for a time longer than was necessary for service on defendants, and as that return day was within the time allowed by law (Revised Statutes 1889, section 6145), we rule the point against defendant.

2. Defendant next claims that since he alone appealed from the judgment of the justice, the judgment there remained in full force against the other defendants, and that therefore it became plaintiff's duty to order out execution against the non-appealing defendants and he asked an instruction to that effect. The judgment of the justice did remain in full force as against the non-appealing defendants.

Urton v. Sherlock, 61 Mo. 258; Gray v. Dryden, 79 Mo. 107; Fischer v. Anslyn, 30 Mo. App. 320. And ordinarily plaintiff, in the fulfillment of his duty towards this defendant as a surety, should have ordered out execution against the principals and so relieved the surety. This is the diligence that a principal owes the surety after notice. For it has been decided that to fix the surety after notice to sue, the principal must not only begin suit, but he must prosecute with diligence. Peters v. Linenschmidt, 58 Mo. 467. But in this case there was evidence tending strongly to show that this defendant himself ordered the justice not to issue an execution and the instruction offered by defendant on this head was properly refused for not having included in it the hypothesis supported by that evidence.

3. It is also claimed that it was plaintiff's duty to this defendant to have ordered a transcript of the judgment against the non-appealing principals to be filed with the clerk of the circuit court so that it could become a lien on his real estate consisting of 80 acres. The evidence showed that the principal sold one forty acres of the land before the judgment was rendered by the justice, but the remaining forty he sold nearly two months after the judgment. But the evidence further showed that this land was the principal's homestead (he being the head of a family) which, after allowing for an incumbrance, was below the value allowed by law. This being true, nothing would have been gained by filing a transcript since the judgment would not have been a valid lien on the land. Defendant was therefore not harmed. Defendant's instruction on the subject of the transcript was properly refused, since it contained hypotheses as to the homestead character of the land.

We are satisfied that no cause exists justifying our interference and we affirm the judgment. *Smith, P. J.,* concurring; *Gill, J.,* absent.