HUGHES BROS. PAINT & HARDWARE COM-
PANY, Respondent, v. J. F. PREWITT, WIL-
LIAM H. ·ROWLAND, and LOUIS N. ROW-
LAND, Appellants.

Kansas City Court of Appeals, May 19, 1913.

1. **MECHANIC'S LIENS: Contractor and Subcontractor: Judg-
ment.** The plaintiff sued to enforce a mechanic's lien against
the defendants, for paint furnished to a subcontractor. The
plaintiff failed to allege in the lien paper filed in the justice
court that the defendant Prewitt was a subcontractor; but
alleged that the materials had been furnished under one "entire
general contract with defendant Prewitt, for' W. H. Rowland
and L. N. Rowland." One of the defendants, L. N. Rowland
alone appealed. *Held*, that the justice acquired jurisdiction
over the subject-matter and since no objection on the score of
a defect of proper parties was made by the defendants at any
time, this non-jurisdictional defect should be regarded as cured
by the judgment.

2. ———: **Name of Owner: Statutes.** The statute (Sec. 8217,
R. S. 1909) requires the plaintiff to file with the clerk of the
circuit court, a just and true account of the demand due him;
and a true description of the property upon which the lien is
intended to apply with the name of the owner or the contractor,
or both, if known to the person filing the lien.

3. ———: ———: ———: ———. The statute does not re-
quire the lien paper to state that the contractor is the original
contractor. It is sufficient if it state the names of the con-
tracting parties with whom plaintiffs agreed to do the work
and furnish the materials.

4. ———: ———: **Jurisdictional: Omission.** Sec. 8221, R. S.
1909, provides that in mechanic's lien suits, "the parties to
the contract shall be made parties." This requirement is juris-
dictional, and if the plaintiff had failed to meet it, the omission
would have been fatal to the judgment.

5. ———: ———: **Judgment: Duty of Contractor.** Section
8233, R. S. 1909 imposes the duty on the original contractor
of defending any lien suit prosecuted against the owners and
this statute has been construed to mean that the original con-
tractor should be joined as a co-defendant in an action brought
by a' materialman whose contract was with a sub-contractor
but that such requirement is not jurisdictional and its non-
performance will not be fatal to' the judgment.

6. **DEFINITIONS: Parties to the Contract.** The expression "parties to the contract" has been held to mean the parties to the particular contract which is the subject of the inquiry in the action and as between whom personal judgment may be rendered.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

AFFIRMED.

*William B. Yoder* and *H. H. McCluer* for appellants.

The court erred in not declaring as a matter of law that under the pleadings and the evidence the plaintiff was not entitled to recover. Sec. 8233, R. S. 1909; Rumsey v. Pieffer, 108 Mo. App. 486; McLundie & Co. v. Mount, 145 Mo. App. 660; Lumber Co. v. Schuler, 49 Mo. App. 90; Allen v. Schorringhausen, Mo. App. 229; Merryman v. Buddecke, 242 Mo. 216; Michael v. Kennedy, 166 Mo. App. 462.

*New, Kennish & Krauthoff, John N. Davis* and *John C. Hilkey* for respondent.

(1) Omitting the general contractor as a party to the case will not make the judgment illegal or void. Horstkotte v. Menier, 50 Mo. 158; Downey v. Higgs, 41 Mo. App. 215; Foster v. Wolfing, 20 Mo. App. 87; Whitmeyer v. Dart, 29 Mo. App. 569; Goff v. Papin, 34 Mo. 180; Peters v. Railroad, 24 Mo. 587; Kent v. Railroad, 2 Kernan, 628.'' (2) Mechanic's lien laws are liberally construed. DeWitt v. Smith, 63 Mo. 263; Hicks v. Scofield, 121 Mo. 381, 25 S. W. 755; Lumber Co. v. Clark, 172 Mo. App. 598; McAdow v. Sturtevant, 41 Mo. App. 220; Bruce v. Hoos, 48 Mo. App. 161; Cahill, Collins & Co. v. Ely, 55 Mo. App. 102; Napp Bros. v. Stock Yards, 152 S. W. 119.

JOHNSON, J.—This a mechanic's lien suit commenced in a justice court in Jackson county against J. F. Prewitt as contractor and defendants William H. Rowland and Louis N. Rowland as owners of the property sought to be charged with the lien.

Personal judgment against Prewitt was rendered in favor of plaintiff and a lien adjudged against the property. Louis N. Rowland alone appealed to the circuit court. A trial there resulted in a judgment for plaintiff for the foreclosure of the lien. Both of the Rowlands moved for a new trial and when the motion was overruled both appealed to this court. Since William H. Rowland failed to appeal from the judgment rendered in the justice court he had no standing in the circuit court and has none here. He is concluded by the judgment of the justice, as is Prewitt, who also failed to appeal from that judgment. [Fischer v. Anslyn, 30 Mo. App. 316.] Our inquiry, therefore, will be limited to the appeal of Louis N. Rowland.

The two Rowlands owned two contiguous lots in Kansas City on which they erected separate buildings exactly alike, under a single contract with one Robinson. Prewitt became a subcontractor under Robinson for painting the houses and plaintiff sold him the paints used in the performance of his contract. Prewitt failed to pay for the material and plaintiff in due time proceeded to establish a mechanic's lien. Plaintiff did not know that Robinson was the original contractor and failed to allege that fact in the lien paper, but alleged therein that the paints were furnished under "one entire general contract with J. F. Prewitt, contractor for William H. Rowland and Louis N. Rowland," and repeated that allegation in the statement filed with the justice on the institution of this suit. Robinson was not made a party defendant and it is the contention of counsel for appellant that the omission of the original contractor from the proceedings

constituted a jurisdictional defect which is fatal to the judgment.

The statute (Sec. 8217, Rev. Stat. 1909) required plaintiff "to file with the clerk of the circuit court . . . a just and true account of the demand due him . . . and a true description of the property . . . upon which the lien is intended to apply with the name of the owner or contractor, or both, if known to the person filing the lien," etc.

We held in Cahill v. Ely, 55 Mo. App. 102: "The statute does not require the lien paper to state that 'the contractor' is the original contractor; it is sufficient if it state the names of the contracting parties with whom plaintiffs agreed to do the work and furnish the materials. [Downey v. Higgs, 41 Mo. App. 215.] While the statute requires the lien paper to give the name of the owner, it nowhere requires that such lien paper state that 'the contractor' made a contract with the owner."

Under this rule the lien paper filed by plaintiff was sufficient though it failed to state, or incorrectly stated, the name of the original contractor. The material fact to be shown was the name of the person with whom the claimant contracted and that fact being correctly stated the purpose of the statute was satisfied.

Section 8221, Rev. Stat. 1909, provides that in mechanic's lien suits "the parties to the contract shall . . . be made parties." This requirement is jurisdictional and if plaintiff had failed to meet it, the omission would have been fatal to the judgment. [Lumber Co. v. Schuler, 49 Mo. App. 90.] But plaintiff complied with this provision by making Prewitt the person with whom it contracted a party defendant. The expression "parties to the contract" has been held to mean the parties to the particular contract which is the subject of the inquiry in the action and as between whom personal judgment may be rendered.

[Downey v. Higgs, 41 Mo. App. 215; McLundie v. Mount, 145 Mo. App. 660.]

Section 8233 of the statutes imposes the duty on the original contractor of defending any lien suit prosecuted against the owners and this statute has been construed to mean that the original contractor should be joined as a co-defendant in an action brought by a material man whose contract was with a subcontractor but that such requirement is not jurisdictional and its nonperformance will not be fatal to the judgment. [Horstkotte v. Menier, 50 Mo. 158.]

The justice therefore acquired jurisdiction over the subject-matter and since no objection on the score of a defect of proper parties was made by appellant at any time this nonjurisdictional defect should be regarded as cured by the judgment. This would not be true if we were dealing, as we were in Lumber Co. v. Schuler, supra, with a jurisdictional defect.

We have considered other points raised by appellant and find they are not well taken. There is no prejudicial error in the record and the judgment is affirmed. All concur.