Arthur THOMSON, President, and James F. Burke, Secretary, United Association of Pipefitters, Local Union 562 (Plaintiffs), Appellants,

v.

Melvin BAST and George Maher (Defendants), Respondents.

No. 29836.

St. Louis Court of Appeals.

Missouri.

Feb. 4, 1958.

R. C. Reis, St. Louis, for appellants.

Lewis C. Green, Green, Hennings, Henry & Evans, for respondent Bast.

A. Lowell Morris, St. Louis, for respondent Maher.

WOLFE, Commissioner.

This action was instituted in a magistrate court on behalf of the United Association of Pipefitters, Local Union 562, to recover damages arising out of an automobile collision in which a car owned by the Union was involved. There was a judgment in the magistrate court in favor of the plaintiffs for $1,381.15 against defendant George Maher and a finding in favor of defendant Melvin Bast. George Maher appealed to the circuit court. Defendant Bast there moved to dismiss the appeal as to himself on the ground that the plaintiffs had not appealed from the judgment of the magistrate and it was therefore final as to him. The court overruled this motion and upon trial de novo there was a verdict and judg-

ment against both Maher and Bast in the sum of $1,409. Bast then moved to set aside the verdict and judgment as to himself upon the grounds previously advanced and Maher moved for a new trial. Both motions were sustained and the plaintiffs have appealed from the order discharging Bast and granting a new trial to Maher.

The facts that gave rise to this action disclose that the car, a Chrysler, belonging to the Union was being driven westwardly on Manchester Road, in the county of St. Louis, approaching the intersection of Geyer Road. Manchester Road at that point is a four-lane highway and the car was on its proper side and in the outside lane. It was being operated by a Mrs. Lane, who was accompanied by her husband, a business agent for the Union. There was considerable eastbound traffic and when Mr. Lane saw an eastbound truck coming over the center line of the road he directed his wife to pull off on the shoulder and to stop. She did this but the truck came on over to the wrong side of the highway and struck the car, doing considerable damage to the whole left side. The truck was being driven by defendant George Maher.

There was evidence that the truck while proceeding eastwardly attempted to pass an automobile going in the same direction and driven by defendant Melvin Bast. Bast's car was in the outside eastbound lane and it had run upon the lip of the highway. In bringing it back to its proper line of travel the car was caused to weave over to the inside lane and back toward the lip several times. Its left side struck the right side of Maher's passing truck. Maher said that this caused his truck to veer to the wrong side of the highway resulting in the collision with the Chrysler car which Mrs. Lane had stopped on the shoulder. He said that he saw Bast's car weaving but thought that it was under control at the time he attempted to pass. There was evidence that Bast was forced to pull his car over to the lip of the highway by a car that had passed him and cut sharply in front of his car.

A witness testified that his company had repaired the Chrysler car belonging to the Union about seven weeks after the accident and that the charge made for the repairs, and the amount paid, was $1,409.35.

As stated, there was a judgment in favor of Bast in the magistrate court and the plaintiffs did not appeal. The only appellant from the magistrate's judgment was defendant Maher. The plaintiffs contend that Maher's appeal brought the entire matter up to the circuit court and that therefore plaintiffs had a right to proceed against both defendants and that the circuit court erred in dismissing as to Bast. The plaintiffs reach this conclusion by reason of their construction of Section 512.260 RSMo 1949, V.A.M.S., which provides for a trial de novo in the circuit court upon appeal from a magistrate's judgment. The statute giving the right of appeal is Section 512.180 RSMo 1949, V.A.M.S. It provides for appeal by any party "aggrieved by any judgment" rendered by a magistrate. These two sections have remained in the laws of Missouri without material change since 1879 except that the earlier statutes refer to justices of the peace. Magistrate courts are now governed by the same law previously applicable to justices of the peace, except where it has been changed by statute. V.A.M.S. Art. V, Sec. 20, Constitution of Missouri.

In applying the statutes cited to similar situations it has been consistently held that where there are two or more defendants to an action before a magistrate and only one of the defendants appeals from the magistrate's judgment, the judgment as to the remaining defendants is final and they are not before the circuit court for another trial. Urton v. Sherlock, 61 Mo. 257; Gray v. Dryden, 79 Mo. 106; Fischer & Co. v. Anslyn, 30 Mo.App. 316; Patton v. Cooper, 84 Mo.App. 427; Hughes Bros. Paint & Hardware Co. v. Prewitt, 170 Mo.App. 594, 157 S.W. 120. The defendant is asserting no action against his co-defendants and is therefore not aggrieved by a judgment affecting them. It is the plaintiff who is aggrieved by a judgment in favor of one or more of the defendants and he may appeal as to all of them. A Kron Livery & Undertaking Co. v. Weaver, Mo.App., 280 S.W. 54. The plaintiffs did not appeal and the trial court properly held that the judgment of the magistrate court in favor of Bast was final.

It is asserted that the court erred in granting a new trial to defendant Maher on the ground that the jury had been erroneously instructed on the measure of damages. The instruction given at the appellants' request is as follows:

"If from the evidence and under the instructions your verdict is in favor of the plaintiffs, then it becomes your duty to allow them such sum as you find from the evidence will reasonably and fairly compensate them for all the damages you find from the evidence has directly resulted to them by reason of the negligence of either or both of the defendants, if you so find the defendants were either or both negligent."

Such a general instruction does not properly inform the jury of the rule for calculating the damages for injury to personal property. The proper measure of damages is the difference between the reasonable market value before the injury and the reasonable market value after the injury. Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 66 S.W.2d 903; Weller v. Hays Truck Lines, 355 Mo. 695, 197 S.W.2d 657; Hall v. Clark, Mo., 298 S.W.2d 344. The appellants concede that the instruction given does not properly instruct the jury but maintain that the error was not prejudicial, citing us to General Exchange Insurance Corp. v. Young, Mo.App., 206 S.W.2d 683, and 357 Mo. 1099, 212 S.W.2d 396. In that case there was an instruction similar to the one given here. The facts, however, indicated that the damages had been determined and there was a statement by the defendant which the court construed as an admission that the damages to the

car were more than the amount awarded by the jury. We have no such a situation here.

The value and condition of the car prior to the accident were not in evidence. The trial court considered the instruction prejudicially erroneous in granting a new trial to defendant Maher and the record supports his conclusion.

■ It is requested by the appellants that, in event the action of the trial court in granting a new trial is sustained, such new trial should be confined to the issue of damages only. The trial court doubtlessly concluded that all of the issues should be retried. This appears logical since in the first trial there was a co-defendant improperly present which may have been confusing to the jury on the issue of liability and we should not disturb the trial court's ruling.

■ The appellants finally assert that they prepared a partial transcript which, in their opinion, contained a sufficient amount of the record to permit this court to pass upon the questions here raised, but that the respondents refused to approve the partial transcript and that the plaintiffs were therefore required to order the entire record transcribed. It is requested that the cost of the additional part of the transcript be charged to the defendants as provided by Section 512.110(2) RSMo 1949, V.A. M.S. The defendant's motion for a new trial charged that the plaintiffs failed to prove facts sufficient to establish their claim for relief. On appeal the respondents had a right to seek to sustain the court's action in granting a new trial on any ground that they had set out in their motion for a new trial regardless of the reason stated by the court in sustaining the motion. Elmore v. Illinois Terminal R. Co., Mo.App., 301 S.W.2d 44. Thus all of the record was necessary, Brand v. Brand, Mo., 245 S.W.2d 94, and the request that part of the cost should be assessed against the defendants should be denied.

For the reasons stated, the order of the trial court dismissing the action as to defendant Bast and granting a new trial on motion of defendant Maher should be affirmed and the cause remanded for a new trial.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The order of the trial court dismissing the action as to defendant Bast and granting a new trial on motion of defendant Maher is accordingly affirmed and the cause remanded for a new trial.

MATTHES and ANDERSON JJ., and JAMES D. CLEMENS, Special Judge, concur.